164

**MEADOWS v. SOUTHERN RY. CO.**
(two cases).

**ARTIS v. SOUTHERN RY. CO.**
**Civ. A. Nos. 1975, 1976, 2007.**

United States District Court
E. D. Tennessee, N. D.

April 29, 1953.

J. C. Ridenour, Clinton, Tenn., C. C. Ridenour, Loudon, Tenn., Hodges & Doughty, Knoxville, Tenn., for plaintiffs.

Clyde W. Key, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

These cases are before the Court upon plaintiffs' motion for an order requiring H. K. Williams, a person whose deposition is being taken by plaintiffs pursuant to Rule 26, Federal Rules of Civil Procedure, 28 U.S.C.A., to answer certain questions propounded to him by the attorney for plaintiffs, and to exhibit statements procured by him while investigating the accident on behalf of the defendant.

John H. Doughty, Esq., has filed an affidavit in support of the motion. The substance of the affidavit is that Williams testified that he was the claims agent or investigator for the defendant and that in the course of his duties he investigated the accident which is the basis of these suits, and that he procured certain statements from various parties in the course of his investigation; that he was requested to present these statements, presumably for examination, by plaintiffs' attorney, and on advice of defendant's attorney he refused to do so.

The testimony of the witness Williams is not a part of the Court file and it is assumed that it has not been transcribed to typewriting by the reporter. It is, therefore, obvious that the Court has no knowledge of either the form or the substance of the questions except as gathered from the affidavit of Mr. Doughty. The Court infers, however, from the record as it now stands that the sole controversy for determination, at this stage of the proceedings, is whether the witness Williams should be required to turn over to plaintiffs' counsel the statements which he procured in the course of his investigation.

It is the opinion of the Court that he should not be required to turn over these statements pursuant to the present motion for the reason that the good cause requirement of Rule 34, Federal Rules of Civil Procedure, has not been met by the plaintiffs.

 In Goldner v. Chicago & N. W. Ry. System, D.C., 13 F.R.D. 326, 327, at page 329, District Judge Campbell of the

Northern District of Illinois, after pointing out the liberal and the narrow constructions of Rule 34 by various courts, stated in part as follows:

"It is important to note, however, that there are certain principles in this field upon which all courts agree. Moore points out that 'All courts agree that production should be allowed where it is shown that the statements may contain information which is not otherwise available to the moving party, as where the witnesses cannot be found or refuse to give information.' It is the opinion of this court that the converse of that principle is also a sound rule of law. That is, production should *not* be allowed where the witnesses may be found, and where the witnesses offer the desired information. In any event, production should not be allowed before the moving party has shown a bona fide attempt to obtain the information by independent investigation."

The Court is of the opinion that the foregoing quotation correctly states the law as it should be applied in the instant case.

An order denying the motion will be prepared accordingly.