90 So.2d 547 (1956)
Hyman SELF, Plaintiff-Appellant,
v.
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN et al., Defendant-Appellee.
No. 8561.
Court of Appeal of Louisiana, Second Circuit.
October 25, 1956.
Rehearing Denied November 29, 1956.
*548 James C. Terrell, Jr., Wood & Jackson, Leesville, for appellant.
Jackson, Mayer & Kennedy, Shreveport, for appellee.
GLADNEY, Judge.
This is a direct action by Hyman Self against the insurer of a vehicle owned and operated by Clyde Self and against J. D. Woodley, the operator of another vehicle, both of which automobiles were involved in a collision. Plaintiff was a guest in the automobile of Self. Consolidated with this case for purposes of trial, is the action brought by Maricelli v. Employers Mutual Liability Insurance Company of Wisconsin, 90 So.2d 551, both of these cases arising out of the same accident. After a trial on the merits, judgment was rendered in favor of plaintiff and against J. D. Woodley in the sum of $3,500, and rejected plaintiff's demands against the Employers Mutual Liability Insurance Company of Wisconsin, the insurer of Clyde Self. From the judgment so rendered, plaintiff has appealed.
On January 17, 1954, Hyman Self, seated in a Nash automobile, being driven by his son, Clyde Self, was traveling south about 1:00 o'clock P.M. on U. S. Highway No. 171, when, upon reaching a point about *549 four miles south of Mansfield, the Nash collided with a Ford automobile being driven northerly along said highway by J. D. Woodley. Clyde Self, Hyman Self, Mrs. Dorothy Faye Maricelli and Rita Fay Self were the occupants of the Nash automobile and accompanying J. D. Woodley, the driver of the Ford automobile, were Nannie Mosley, Sam Foster, Henry Adams and Rosa Marie Woodley. Shortly after the collision Roy Webb, a deputy sheriff, arrived at the scene of the accident and made an investigation.
Webb testified the collision occurred in the west lane on which Clyde Self was traveling south about two feet from the center line of said highway. He stated he found tire marks on the west shoulder of the highway some ten feet north of the point of impact and debris was found in the west traffic lane. This testimony, together with that of plaintiff, Mrs. Dorothy Faye Maricelli and Fay Self, discloses unquestionably that the automobile driven by J. D. Woodley invaded the lane properly occupied by Clyde Self, who endeavored to avoid the collision by driving his car out upon the west shoulder of the road. J. D. Woodley testified but could give no information as to whether or not he was driving in his proper lane at the time of the collision. The other occupants of Woodley's car, although available, were not called upon to testify, nor was Clyde Self called as a witness.
The evidence preponderates to the effect that the accident was due entirely to the negligence of J. D. Woodley, who failed to satisfactorily account for his invasion of Self's lane of travel. The trial court, therefore, correctly determined the issue by holding that Woodley alone was responsible for the collision and rejected plaintiff's demands against the insurer of Clyde Self.
Two other issues are raised on behalf of the appellant. The first concerns an error assigned to the trial judge in refusing to require counsel for the Employers Mutual Liability Insurance Company of Wisconsin to produce certain written statements of witnesses taken during the investigation of the accident, and the second point is concerned with an increase in damages awarded against Woodley.
Prior to trial, plaintiff obtained from the defendant insurance company a list of ten witnesses from whom the defendant company had obtained written statements. Counsel for plaintiff thereupon filed a motion to require production in court of the statements of said witnesses, thereby invoking LSA-R.S. 13:3762 and 3772, which are provisions of the discovery statute adopted in 1952. In a hearing before the trial judge, the statements of some five of these witnesses were either produced or disposed of to the satisfaction of counsel for plaintiff. The court, however, refused to require the insurance company to produce the statements of Henry Adams, J. D. Woodley, Rosa Marie Woodley, Sam Foster and Nannie Mosley to be delivered to counsel for plaintiff, the judge stating that good cause for such production had not been shown.
The pertinent portions of the statute under which plaintiff sought to exercise his relief are as follows:
LSA-R.S. 13:3782:
"Upon motion of any party showing good cause therefor, and subject to the provisions of R.S. 13:3762, the court in which an action is pending or in which the judgment was originally rendered may:
"(1) Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents * * * which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by R.S. 13:3752B and which are in his possession, custody or control."
*550 The second paragraph of LSA-R.S. 13:3762 provides:
"The court shall not order the production or inspection of any writing obtained or prepared by the adverse party * * * in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice."
The foregoing quotations from the Louisiana statute are principally derived from the Federal Rules of Civil Procedure, especially Federal Rule 34, 28 U.S.C.A. Since the adoption of our act in 1952, there have been but few published opinions interpreting our statute and the only jurisprudence available as a guide for the interpretation of our statute is to be found in Federal decisions.
When the matter was presented to the trial court, counsel for plaintiff produced evidence showing that he contacted the above named witnesses and sought to obtain statements from them previous to trial, but they declined to furnish him ex parte information, giving as their reason that they were acting under instructions from the attorney for Woodley. Plaintiff's attorney made no effort to obtain the depositions of these witnesses in a formal manner, nor did he summon and call them to the witness stand at the time of trial, although the witnesses were present and available. Under the provisions of LSA-R.S. 13:3762, as stated above, the court is enjoined from ordering a reproduction of statements obtained by an adverse party in anticipation of trial, unless satisfied unfair prejudice would result therefrom. It is, therefore, incumbent upon the mover to show good cause therefor in order to invoke the advantages supported by the statute.
Undoubtedly the purpose of discovery procedure is to afford all parties a fair opportunity to obtain the facts pertinent to the litigation. When this has been accomplished, or where the facts are readily available, the court will deny a party the right to proceed upon a fishing expedition. The rule adopted and followed by the courts, therefore, denies the production of such statements where the witnesses are available and can and will furnish mover the desired information. Meadows v. Southern Railway Co., D.C., 14 F.R.D. 164; Bowdle v. Automobile Insurance Co. of Hartford, Connecticut, D.C., 11 F.R.D. 148; Palensar v. Isthmian S.S. Co., D.C., 11 F.R.D. 552; Sagorsky v. Malyon, D.C., 12 F.R.D. 486; Bonefond v. Borden Co., D.C., 12 F.R.D. 183; Service Liquor Distributors v. Calvert Distilleries Corp., D.C., 16 F.R.D 344.
Thus in Hilton v. Contiship Corporation, D.C., 16 F.R.D. 453, 454, it was held:
"A party is not entitled to written statements of witnesses obtained by his adversary merely by alleging that `he took no steps to obtain witnesses and did not obtain statements from any of them', prior to retaining counsel. Absent a showing that the witnesses, copies of whose written statements are sought, are not available to the movant for the purpose of obtaining their statement or other circumstances constituting good cause, an order directing production of the statements made by them to the adversary is not indicated. Mere convenience is not good cause as required by Rule 34".
Although counsel for plaintiff showed that the subject witnesses declined to furnish him statements or discuss with him the case under advice of counsel for J. D. Woodley, he did not show that their testimony could not be secured by deposition or as witnesses testifying upon the trial of the case. J. D. Woodley did in fact *551 testify at the trial. The record also discloses that during the trial counsel for plaintiff proposed to call to the witness stand Rosa Marie Woodley, Sam Foster, Nannie Mosley and Henry Adams for the purpose of proving that these witnesses had refused to give him a statement or talk to him about the accident, because of instructions from Woodley's attorney. The parties were not called because of an agreement between counsel that all four witnesses would so testify if they were sworn. Despite the presence of said parties, counsel failed to call them for the purpose of obtaining their general testimony. Nor did counsel for plaintiff call Clyde Self as a witness although it was shown he was present in the court room. Counsel, therefore, should not be heard to complain that he was prejudiced because of the nonavailability of the testimony of these witnesses. Our conclusion must be, therefore, that there was no abuse of discretion by the trial judge in refusing to require counsel for the insurance company to produce the statements of the witnesses referred to.
A further question concerns the amount of damages. In this court plaintiff has asked that the award in damages against J. D. Woodley for $3,500 as made by the trial court, be increased. Plaintiff was seventy-two years of age at the time of trial and undoubtedly he sustained severe injuries in the accident. The medical testimony indicates that he sustained a fracture of the skull, fractures of the third, fourth and fifth ribs of the left side, and lost forty per cent of the vision of the left eye. It was further shown that he sustained a severe laceration of the scalp, leaving a five-inch scar, and also suffered contusions of the left shoulder, knee and leg, with hematoma of the shoulder and neck with some calcification. There also developed due to the accident, a cyst on his knee. Notwithstanding the injuries above listed, plaintiff made a substantial recovery as of the date of trial and with the exception of the loss of vision and the scars, the injuries of plaintiff do not appear to be of a permanent nature.
In his petition plaintiff has alleged some nine separate items of damages and through brief has requested this court to itemize its award. Reluctant as we are not to comply with the request of counsel, we see no reason to do so in this instance, forasmuch as the award as granted by the trial court appears to be neither excessive nor inadequate, and meets with our approval.
For the reasons aforesaid, the judgment from which appealed is affirmed.