90 So.2d 531 (1956)
Lee E. JORDAN, Plaintiff-Appellee,
v.
The FIDELITY & CASUALTY COMPANY OF NEW YORK and William D. McFerrin, Defendants-Appellants.
No. 8581.
Court of Appeal of Louisiana, Second Circuit.
October 25, 1956.
Rehearing Denied November 29, 1956.
W. Peyton Cunningham, Natchitoches, for appellants.
G. F. Thomas, Jr., Julian E. Bailes, Natchitoches, for appellee.
GLADNEY, Judge.
This case is a companion suit with that of Roberts v. Fidelity & Casualty Company of New York, 90 So.2d 527; Jordan v. Fidelity & Casualty Company of New York, 90 So.2d 529; and Smith v. Fidelity & Casualty Company of New York, 90 So.2d 532. The plaintiff, appellee herein, Lee E. Jordan, was involved in an accident which occurred on August 13, 1955, while driving his 1949 Studebaker truck on Louisiana Highway No. 1 about one mile north of Natchitoches, Louisiana. Plaintiff's truck was struck from the rear by an automobile owned and operated by William D. McFerrin, who is made a co-defendant with his insurer, The Fidelity & Casualty Company of New York. As a result of the accident plaintiff and other occupants of the truck sustained property damages and personal injuries.
At the commencement of the trial the defendants judicially admitted the assured was guilty of actionable negligence and consequently the evidence adduced at the trial was restricted solely to the question of damages. From a judgment of $2,500 rendered in favor of plaintiff, Lee E. Jordan and against defendants, The Fidelity & Casualty Company of New York and William D. McFerrin, the defendants have appealed. Appellee has answered the appeal, asking that the judgment be increased to the sum of $3,501.
Immediately following the accident plaintiff was taken to Natchitoches where he was examined and treated by Dr. Charles E. Cook for injuries received by him. Dr. Cook testified that Jordan sustained numerous abrasions and a contusion of the knee which required "a couple of stitches". He gave his patient a prescription for some medicine and prescribed diathermy and injections for muscular pain. He found there was a small amount of fluid on the knee, a finding which does not appear to be significant. Jordan, testifying at the trial, complained he still continued to have some weakness in the knee. The evidence, we *532 think, shows that a normal recovery was had.
It is conceded that plaintiff is entitled to the sum of $225 property damage to his truck, $135 for loss of wages, and $96 for medical expenses, or a total of $456.
An additional claim was made, predicated on fear that his unborn child was injured as a result of the above accident. At the time of the accident plaintiff's wife, Mrs. Minnie Pearl Dixon Jordan, was seven months pregnant. She was seated in the truck next to her husband who was driving, and she received some physical injuries. Dr. Cook testified that both Mr. and Mrs. Jordan were highly nervous when they appeared at his office for him to determine the extent of their injuries on the night of August 13th; that he gave Mrs. Jordan an examination, and assured her and her husband that there was no injury to the unborn child and both Mr. and Mrs. Jordan appeared relieved. The evidence indicates, however, Jordan continued to worry over a possible injury to the child, which worry was only dispelled when the child was born normal in every respect.
In Valence v. Louisiana Power & Light Co., La.App.1951, 50 So.2d 847, both parents were held entitled to recover for worry and mental anguish over fear that the foetus might have been injured and the sum of $750 was allowed to the mother. In the instant case we are of the opinion that the prompt assurance by Dr. Cook greatly reduced the fear and anxiety of Jordan and his wife. We think, however, such fear and anxiety brought on by the negligence of the defendant insured is a proper item for damages, and we award the sum of $250 to plaintiff on account of his worry and anxiety. We believe Jordan's physical injuries were not of a serious nature and an allowance in the sum of $500 is adequate. Summarizing, we find plaintiff entitled to receive for property damage and medical expenses, the sum of $456, for fear of injury to his unborn child $250 and $500 for physical injuries, or a total of $1,206.
Accordingly, the judgment from which appealed should be amended by reducing the total award therein, viz. $2,500, to the sum of $1,206, and as so amended, the judgment is affirmed. Appellee should be taxed with cost of appeal, and appellants with all other costs.