GLADNEY, Judge.
This is an action for the recovery of damages for personal injuries received by George K. Roberts in an automobile accident which occurred August 13, 1955, on Louisiana Highway No. 1 about one mile northwest of Natchitoches when William D. McFerrin drove his automobile into the rear of the truck in which plaintiff was seated. From a judgment in favor of Roberts for $3,000, defendants have appealed on the ground the award is excessive. Ap-pellee has answered the appeal seeking an increase.
Similar suits were brought by Lee E. Jordan, Mrs. Billie Pearl Dixon Jordan, Robert Smith and others, against McFerrin and his automobile liability insurer, The Fidelity & Casualty Company of New York. The several cases were consolidated in the lower court for the purpose of trial and at the commencement of the trial below the defendants admitted to actionable negligence and present for the consideration of the court only the question of quantum.
The truck was being driven by Lee E. Jordan. Seated in the cab with him were his wife and three children, and seated upon the bed of the truck with plaintiff were Robert Smith and Corbitt Smith. When the truck was struck from the rear by the McFerrin automobile, it was turned and propelled toward a ditch on the right side of the highway. Both Jordan and his wife were thrown out of the truck. George K. Roberts and Robert Smith were also thrown out of the back of the truck. Immediately after the accident the parties were taken to Natchitoches where they received medical attention.
At the time of the accident George K. Roberts was sixty-one years of age and was then suffering from certain chronic physical disabilities which were totally disabling. On account of this condition he was drawing welfare payments. Plaintiff alleged he sustained fractures of the third, fourth and fifth ribs, a comminuted fracture of the navicular bone of the right wrist, bruises and contusions distributed generally all over his body and a laceration of the skull and scalp; and that due to the accident a chronic arthritic condition was aggravated.
On the night of the accident, August 13, 1955, he was examined by Dr. Joseph A. Thomas in Natchitoches, at which time he complained of difficulty in breathing and tenderness about the right wrist. X-rays revealed that four of his ribs, posterially located, were fractured and a comminuted fracture of the right wrist without any displacement of bone. Roberts was hospitalized five days and his wrist was placed in a short arm cast. He wore the cast for a period of four weeks and thereafter his wrist and arm were placed in a brace for some two or three additional weeks. As of date of trial Dr. Thomas testified the fracture of the wrist had healed, the broken ribs were completely healed and plaintiff should not suffer from further disability, but would experience some pain due to his pre-existing arthritis and the effects of the immobilization of his right wrist. Although plaintiff testified he was still weak and suffering pain, we believe Dr. Thomas correctly appraised Roberts’ condition. The evidence does not convince us that any *529 of the chronic diseases of plaintiff were aggravated by reason of the accident.
In the determination of damages for personal injury, our courts have frequently pointed out that much discretion is left to the judge or jury and such determination should not be disturbed except for serious and manifest error. Certainly no definite rule for the measurement of damages and personal injury actions can be applied to fit all occasions, hut each case must be determined from its peculiar facts. It is, however, the desire of the courts to maintain a degree of uniformity in awards so far as it is possible to do so. Within recent years, however, this court has given more consideration to certain determining factors with the result that personal injury awards have been larger than those involving similar injuries as reflected in cases decided ten or more years ago. The decrease in the purchasing power of money has had, perhaps, the greatest influence upon this trend. Pain and suffering and injuries involving physical and mental functions, of course, cannot be easily measured in terms of money. Such injuries can never be said to be adequately compensated, nor can the courts comprehend differences in the suffering of individuals. All of these considerations point up to the conclusion that no complete uniformity in awards can be expected and a large amount of discretion therein should be vested in the court.
The case of Greenberg v. New Orleans Public Service, Inc., La.App.1954, 74 So.2d 771, is particularly relied upon by the ap-pellee in support of an increase of the judgment. In the cited case plaintiff was awarded the sum of $5,500, for injuries consisting of severe contusions of the right chest and area of the right hip; a punched-out wound of the right temple area; fractures involving the fourth, fifth and seventh ribs on the right side posteriorly with the fifth and seventh ribs broken in two places. He was hospitalized for a period of nine days and under his physician’s care for a period of about six weeks. During this period of time he wore chest binders or braces. His treatment lasted for some three to four months and the punched-out wound left a visible scar, circular in character, and covered an area of approximately a centimeter in diameter. We think the injuries sustained by plaintiff in the instant case were much less severe than those under consideration in the cited case. It is our opinion the proper award should include $2,000 for the personal injuries and the additional sum of $491.07 for proven medical expenses, or a total award of $2,491.07.
Accordingly, the judgment from which appealed will be amended by reducing same to $2,491.07, and as so amended, the judgment is affirmed.
Appellee should be taxed with cost of appeal, and appellants with all other costs.