GLADNEY, Judge.
This is a companion case with Roberts v. Fidelity & Casualty Company of New York, 90 So.2d 527; Jordan v. Fidelity & Casualty Company of New York, 90 So.2d 529; and Jordan v. Fidelity & Casualty Company of New York, 90 So.2d 531, in each of which the sole issue is the question of quantum, relating to personal injuries received by certain occupants of a truck involved in an accident which occurred on Louisiana Highway No. 1, about one mile north of Natchitoches, Louisiana, on the night of August 13, 1955. Plaintiff who was riding as a guest passenger of Lee E. Jordan in the rear of the truck, was thrown to the ground and received superficial injuries when the truck was hit from the rear by an automobile operated by William D. McFerrin and insured by The Fidelity & Casualty Company of New York. The issue was presented to the trial court which rendered judgment in favor of Robert Smith and against the defendants in the sum of $1,500.
Immediately after the accident Robert Smith was examined by Dr. Joseph A. Thomas of Natchitoches, at which time he complained of pain in his hip and thigh. The doctor testified the physical examination of plaintiff revealed only tenderness about the parts complained of and he observed no marked limitation of motion. X-rays failed to reveal any bony pathology. Two days later, that is on August 15th, plaintiff presented himself to Dr. A. F. Breazeale, Jr., giving a history of the automobile accident on August 13th, and complained of severe pain in his right hip and thigh. Upon examination Dr. Brea-zeale observed extensive contusions and blue areas in the lateral portion of the right leg but found no limitation of motion. When plaintiff continued to complain, Dr. Breazeale gave him a letter to the Huey P. Long Charity Hospital in Pineville, Louisiana. Plaintiff took a bus and went to the hospital and returned the same afternoon. At the trial plaintiff testified he was still experiencing pain in his hip and thigh. It is clear that both of the examining physicians considered the injuries complained of by plaintiff to be of a superficial nature only, and did not require treatment.
The award is, in our opinion, excessive and should be reduced to the sum of $150, plus medical expenses of $19, which were proven. The award is in line with a similar award made in Anderson v. Morgan City Canning Company, Inc., La.App.1954, 73 So.2d 196.
The judgment from which appealed will, therefore, be amended by reducing the total award therein to the sum of $169, and as so amended, it is affirmed. Appellee is taxed with the costs of this appeal and appellants are cast for the remaining costs.