GLADNEY, Judge.
This case for the purposes of trial was consolidated with that of Self v. Employers Mutual Liability Insurance Company of Wisconsin, 90 So.2d 547.
Mrs. Dorothy Faye Maricelli sustained personal injuries in an accident on January 17, 1954, while a guest occupant of an automobile operated by Clyde Self. All pertinent facts relating to the negligence phases of the case are discussed in the companion case referred to above. In the instant action Donald Maricelli sues for medical expenses of his wife and Mrs. Maricelli seeks recovery for personal injuries. Made defendants are the insurer of Clyde Self and the latter’s joint tort-feasor, J. D. Woodley.
After trial judgment was rendered in favor of Donald Maricelli for_$526 and in favor of Mrs. Maricelli for $1,474. J. D. Woodley only was cast, as plaintiffs’ demands against the Employers Mutual Liability Insurance Company of Wisconsin were rejected. Plaintiffs have' appealed.
The car' being driven by Clyde Self collided head-on with the Ford automobile driven by J. D. Woodley. In the companion suit Self v. Employers Mutual Liability Insurance Company of Wisconsin, supra, this court approved the finding of the trial court and held Clyde Self was free of negligence, and, therefore, the employers Mutual Liability Insurance Company of Wisconsin could not be cast, but our judgment affirmed the award against J. D. Woodley. For the reasons stated in that decision the demands of Donald Mari-celli and Mrs. Dorothy Faye Maricelli against the insurer of Clyde Self must be denied and the judgment to that extent affirmed. Our opinion in the Self case also fixed sole responsibility for the accident upon J. D. Woodley.
Our sole concern, therefore, is whether on plaintiffs’ appeal the awards in the judgment for plaintiffs against J. D; Woodley should be increased. Although plaintiffs’ petition makes a detailed list of some ten injuries sustained by Mrs. Maricelli, a careful examination of the record discloses that although she suffered numerous lacerations, bruises, and contusions about her body, her principal injuries consisted of fractures of the ninth, tenth, and eleventh ribs, and minor- scars on the right and left legs. The examination by Dr. Walter M. McCook on May 20, 1955, disclosed no abnormal findings and the fractured ribs were well healed and in good position. He observed there was no reason to anticipate any further disability from her chest injuries. The trial court allowed the sum of $1,474 for the pain, suffering and personal injuries sustained by Mrs. Maricelli, and the sum of $526 in favor of Donald Maricelli on account of medical expenses incurred in connection with his wife’s injuries.
We find the awards neither excessive nor inadequate. Therefore, the judgment from which appealed is affirmed at appellants’ cost.