GLADNEY, Judge.
This is an action in tort by Mrs. Cora Simmons and her husband, Oliver T. Simmons, to recover damages occasioned by personal injuries received by Mrs. Cora Simmons while a passenger in an automobile driven by Mrs. Ila Bailey Simmons. Made defendants are Roy Simmons, the husband of Mrs. Ila Simmons, and his liability insurer, Allstate Insurance Company, and Ouachita Coca-Cola Bottling Company, Inc., and its insurer, American Employer’s *194 Insurance Company. This suit, as that of Mrs. Nora Bryant, arises from a vehicular collision between an automobile being driven by Mrs. Ila Bailey Simmons and a truck owned by the Ouachita Coca-Cola Bottling Company, Inc. The accident took place in the intersection of Louisville Avenue and Walnut Street in the City of Monroe, Louisiana at 7:00 o’clock A.M. August 13, 1956.
The facts and legal issues pertaining to the negligence of the drivers of the two vehicles involved are fully stated in the case of Bryant v. Ouachita Coca-Cola Bottling Company, Inc., La.App.1957, 99 So.2d 152, (certiorari granted February 10, 1958). Mrs. Cora Simmons and Mrs. Nora Bryant were guest passengers in the same automobile. By agreement of counsel, the entire record of the Bryant case was introduced in evidence and incorporated in this suit to stand in lieu of the retaking of evidence on the question of facts as to the occurrence of the accident, and the negligence of the respective parties involved therein. In the Bryant case the judgment held both drivers were guilty of negligence and responsible in damages to Mrs. Nora Bryant, a guest passenger in the vehicle being driven by Mrs. Ila Bailey Simmons. The ruling therein is conclusive except upon an issue raised by a special plea of contributory negligence as a bar to the right of recovery by Mrs. Cora Simmons. Other than this issue, and only if the special plea does not prevail, is a question for our resolution as to whether the award of $3,000 made by the trial judge is excessive or inadequate.
After consideration, it is our finding the plea of contributory negligence should not be sustained. Recalling that in the opinion of this court reported in Bryant v. Ouachita Coca-Cola Bottling Company, Inc. supra, this court found Mrs. Ila Bailey Simmons entered the intersection ahead of the green light, counsel for appellants contend that prior to starting up the vehicle, which was stopped for a traffic light at the intersection, Mrs. Cora Simmons urged the operator of the vehicle, Mrs. Ila Simmons, to proceed forward at a time when the traffic light was red and before it had turned green, and that such action amounted to contributory negligence. The testimony of Mrs. Cora Simmons on this point, was:
“Q. Now when this vehicle in which you were riding was stopped facing the intersection where was your position there? A. I was setting in the back seat behind the driver.
“Q. Directly behind the driver, were you not, and I believe you have already testified that after the light came on green for Louisville Avenue which was the street that Mrs. Simmons was driving on, that when Mrs. Simmons didn’t start up immediately that you told her ‘well go on’ or words to that— A. I merely asked her a question and I said: ‘Well, why don’t you go on?’ She didn’t pay no attention to me.
“Q. Now immediately after you told Mrs. Ila Simmons ‘well, why don’t you go on ?’, she started up, didn’t she ? A. I reckon so.”
Mrs. Ila Simmons, the operator of the car, testified she did not hear the question, and, even if she had heard it, she would have paid no attention to it. The evidence, we think, clearly shows the remark attributed to Mrs. Cora Simmons made no impression upon the driver of the vehicle, and, therefore, it was not a contributing factor to the occurrence of the accident.
The trial court, after due proof thereof, awarded judgment in favor of Oliver T. Simmons in the sum of $183.30 for hospital and medical expenses necessitated by the injuries of his wife. This plaintiff has not answered the appeal, and, therefore, the finding of the district court on this claim may not be disturbed. The judgment awarded Mrs. Cora Simmons for personal injuries was the sum of $3,000, and her counsel has filed an answer to the *195 appeal asking the award in her favor be increased to $5,000.
Our jurisprudence recognizes that an award for damages for pain, suffering, shock and personal injuries of necessity is somewhat arbitrary and depends upon the facts and circumstances of each case. Because of this, a certain latitude must be expected in our review of awards made by a trial court for such damages.
When the collision occurred on August 13, 1956, Mrs. Cora Simmons was seated on the back seat of the automobile immediately behind the driver and upon the impact of the automobile and the truck, the back door of the automobile was thrown open and she was propelled onto the concrete pavement. She was given immediate treatment by Dr. A. B. Gregory, Jr., at the St. Francis Hospital. After a medical examination sedatives were administered and Mrs. Simmons was permitted to return to her home. On August 17th, some four days later, Mrs. Simmons entered the Wright-Bendel Clinic, where she remained until August 22, 1956. While at this clinic the patient was treated by Dr. William Bendel, Sr., and after returning to her home,' she remained under his care until September 4, 1956, at which time Dr. Bendel was of the opinion Mrs. Simmons had completely recovered. On May 3, and October 25, 1957, Mrs. Simmons was examined by Dr. J. E. Walsworth. These three doctors testified in court as to their findings and treatment.
Upon the initial examination by Dr. Gregory, Mrs. Simmons was complaining of pain in the chest and certain bruises and contusions. This examination disclosed tenderness about the chest, which prompted the taking of X-rays, which, however, in the doctor’s opinion were negative for bone or joint pathology. Following this examination Dr. Gregory saw Mrs. Simmons on four occasions upon which she continued to complain of persistent pain in her chest. Again X-rays were taken but these also were negative, but a canvas rib support was advised. Apparently this advice was not followed for Mrs. Simmons did not return to Dr. Gregory for further professional attention until October 28, 1956, when he made an examination principally for purposes of evaluation. Dr. Gregory stated a later examination of his X-ray pictures indicated a questionable fracture of the fourth rib on the right side, approximately ten centimeters from the sternal border and it was his opinion such a fracture required about two and one-half months to heal, before which the injury caused a considerable amount of pain.
Dr. Bendel testified he administered sedatives to Mrs. Simmons for the first two or three days she was hospitalized in his clinic, during which time she complained of pain in her head and chest. He also treated her for nausea and administered diathermy until September 4th. It was his opinion plaintiff’s complaints did not fully correspond to her symptoms. When he later viewed certain X-rays of the chest of Mrs. Simmons, he testified these indicated a healed fracture of the fourth rib. Dr. Bendel’s conclusion was plaintiff’s pain was primarily due to contusions and soreness. Dr. J. E. Walsworth examined plaintiff on May 3, 1957, and again a few days before trial. On both occasions he found plaintiff complaining of pain, largely with reference to her back and chest and he made a finding of multiple neuritis of the superficial nervous system and arthritis associated with the bones and joints of that area.
Mrs. Simmons testified upon trial she was fifty-five years of age and in apparently good health prior to the accident. She stated that as of the time of trial, she was still sore, could hardly lie on her bed, could not rest at nights, and had trouble getting her breath. She also stated she suffered from headaches.
It is our finding Mrs. Simmons suffered contusions and bruises to the body and *196 especially in the region of her chest, and that she sustained a fracture of the fourth rib which caused her acute pain for a period of about two and one-half months. Consistent with a preponderance of the medical testimony, we are of the opinion the fracture was completely healed within three months from the time of the accident and the remaining injuries suffered by Mrs. Simmons should have disappeared by the time the rib had healed. The bruises received in the accident were not severe and there were no lacerating wounds. Dr. Walsworth’s testimony, we feel sure, was only for evalution purposes. He expressed the opinion Mrs. Simmons was suffering from neuritis and arthritis, but the testimony does not convince us of any causal connection between such findings and the accident. Both conditions are rather common in persons fifty-five years of age who have not sustained trauma.
The judgment awarding to plaintiff $3,-000, in our opinion, cannot be justified on the medical findings above set forth, is excessive, and should be reduced to $1,500. Spencer v. Crain, La.App.1951, 53 So.2d 416; Maricelli v. Employers Mutual Liability Insurance Company of Wisconsion, La.App.1956, 90 So.2d 551.
The judgment from which the defendants appealed will be amended by reducing the amount awarded to- the plaintiff, Mrs. Cora Simmons, to the sum of $1,500, and as so amended, the judgment is affirmed at appellants’ cost.
PER CURIAM.
Subsequent to our original judgment in this case application for rehearing was timely filed. Action thereon was held in abeyance pending judgment of the Supreme Court in a companion case decided by this court, Bryant v. Ouachita Coca-Cola Bottling Company, 99 So.2d 152, in which case the said court had granted writs of review. Our judgment in that case had affirmed the judgment of the District Court in favor of the plaintiffs and against all defendants, namely Roy Simmons, Allstate Insurance Company, Ouachita Coca-Cola Bottling Company and American Employers Insurance Company. For reasons set forth in its opinion the Supreme Court reversed our judgment to the extent of rejecting plaintiffs’ demands against the two last named defendants. Bryant v. Ouachita Coca-Cola Bottling Company, 239 La. 83, 117 So.2d 919.
Pursuant to this decision we have granted the application for rehearing, and it follows that we must conform our judgment to that of the Supreme Court in the cited case which arose from the same circumstances and involved the same parties defendant.
Accordingly our original judgment herein is recalled and set aside insofar as it affirmed the judgment appealed from in favor of plaintiffs and against the defendants, Ouachita Coca-Cola Bottling Company and American Employers Insurance Company, otherwise it is reinstated and made final.
Costs of this appeal are taxed against Roy Simmons and Allstate Insurance Company, defendants-appellants.