LOTTINGER, Judge.
This is a suit for personal and property damages instituted by Charles Q. Bloom- *332 quist against Ben Atchley, Andrew Wilson, and Lumber Mutual Fire Insurance Company of Boston. The Lower Court awarded judgment in favor of petitioner and against the defendants, and the defendants have appealed. The plaintiff has neither appealed nor filed an answer.
The defendants herein have admitted liability, and it is, therefore, unnecessary for us to delve into the facts of the accident in question. There are but two questions raised by the defendants on this appeal, one being whether or not the vehicle driven by petitioner at the time of the accident, and which was damaged, was not the separate and paraphernal property of petitioner’s wife, who is not a party plaintiff to this proceeding. The defendant claims that the vehicle was the separate property of Mrs. Bloomquist and that, therefore, the Lower Court erred in making an award to petitioner for property damages to the said automobile. The second question raised by defendant is as to the quantum awarded petitioner for personal injuries arising from the accident.
The petition alleges that at the time of the accident the petitioner, Charles Q. Bloomquist, was driving his 1954 model Chevrolet two door sedan. Upon trial of the matter Mr. Bloomquist made the statements from the witness stand as follows:
“Q. And the car was in your wife’s name?
“A. Yes.
“Q. How did it occur to be in her name?
“A. Tt was purchased with her personal funds. Not community funds, hut her own separate funds.”
It is upon this hit of testimony that the defendant claims that the Lower Court erred in awarding the sum of $485.00 as property damages to the automobile to the petitioner, the defendant taking the position that the automobile was the separate property of petitioner’s wife who is not a party to this proceeding. Under Louisiana law and jurisprudence, all property acquired by either spouse during the existence of marriage is presumed to fall into the community of acquets and gains existing between them, if such a community exists. This doctrine is so well founded as to render citation unnecessary. There is not one iota of evidence in the record which would indicate that the necessary marriage contract existed between the petitioner and his wife so as to negate the existence of the matrimonial community. Therefore, the legal presumption that the automobile, although registered in the wife’s name, belonged to the community of acquets and gains exists. The petitioner herein is a retired accountant and part time farmer. We feel that the statements made by him on the witness stand, and which are quoted above, do not constitute sufficient proof as to offset the presumption that the automobile in question was community property. We have no way of ascertaining what the witness meant when he spoke of “her own separate funds”. He might very well have meant fruits derived from his wife’s separate funds which would fall into the community under the provisions of Article 2386 of the LSA — Civil Code, or earnings of his wife while they were living together, which would also fall into the community. We feel, therefore, that the defendant has failed to rebut the presumption that the automobile driven by petitioner belonged to the community of acquets and gains, and agree with the Lower Court in so holding. It was stipulated by the parties that the damages to the automobile were in the sum of $485.00.
With reference to the personal injuries sustained by petitioner, the evidence reflects that he suffered a broken rib. He saw Dr. Glen T. Scott, who treated him for the injuries. Dr. Scott testified that he saw petitioner on May 2, 1959 and put him in a brace. The doctor testified that he did not see petitioner again until May 28 when the injury had healed completely. *333 The petitioner again saw Dr. Scott on August 21 of the same year when he had re-injured his chest by sneezing, however, Dr. Scott testified that this re-injury was not a recurrence of the same damage which petitioner had received in the accident.
The petitioner testified as to his injuries .and stated that the pain subsided in approximately six weeks. Although Dr. Scott had given petitioner a prescription to help relieve the pain, the petitioner never had this prescription refilled. The petitioner ■complains of the serious injuries received by him from the accident consisting of the broken rib, and torn ligaments. There is not one iota of evidence of any other injury than' the broken rib, except his statement on the witness stand as follows:
“ * * * When I went back to Dr. Scott the next morning apparently there was some legament torn, evidently at the breastbone.”
This point was not further explored either by testimony from the petitioner himself, ■or by testimony of Dr. Scott.
Petitioner cites us to the case of Simmons v. Ouachita Coca-Cola Bottling Company, La.App., 125 So.2d 193, and Pickett v. Norwich Union Fire Insurance Society, La.App., 119 So.2d 566, in support of the $1,500.00 award made by the Lower Court for physical injuries. In both of those ■cases the injured party did receive a broken rib, however there were other injuries involved which justified a higher award. In the case before us, the only injury which was proved was a broken rib, and this rib healed without any complications whatsoever. Plaintiff’s medical bill only amounted to $31.50 which the Lower Court failed to award. We are powerless to award plaintiff this sum because he has failed to appeal ■or answer the appeal. We feel, however, that the award granted by the Lower Court is excessive and should be reduced to the ■sum of $750.00.
For the reasons hereinabove assigned, ■the judgment of the Lower Court will be amended so as to reduce the award for injury, pain and suffering sustained by petitioner to the sum of $750.00. The award of $485.00 for property damages will be maintained. Each of the awards will bear legal interest from date of judicial demand until paid. As hereinabove amended, the judgment of the Lower Court will be affirmed.
Judgment amended and affirmed.