GLADNEY, Judge.
In this action Charles B. Sentell seeks recovery of damages arising out of a vehicular accident which occurred on October 27, 1966 at the intersection of Texas and Spring Streets in Shreveport. Named defendants are Genevieve Riley, Mary L. Painter and American Service Mutual Insurance Company. The trial judge ruled that the sole cause of the accident was the negligence of Mary L. Painter, the minor sister of Genevieve Riley and driver of the automobile insured by the American Service Mutual Insurance Company. Damages were awarded to plaintiff against the insurer, American Service Mutual, in the sum of $4,481.70. The decree dismissed plaintiff’s action against Genevieve Riley and Mary L. Painter. The insurer has appealed and plaintiff has answered the appeal asking that the award of the trial court be increased to $6,141.70 and that insofar as the judgment rejected his demands against Mary L. Painter it should be reversed and judgment rendered against her.
Before this court appellant makes no issue of the determination by the trial court that the accident was caused by the negligence of Mary L. Painter and its objection to the judgment is confined solely to the issue of quantum. The parties do not attack the judgment insofar as it dismisses Genevieve Riley whom the evidence disclosed to be a gratuitous bailor of the car driven by Mary L. Painter.
Appellant earnestly asserts that the trial court was in error in awarding plaintiff the sum of $3,500 for pain and suffering, contending the amount is excessive, and it is argued further that the allowance of $200 to plaintiff for loss of income was not proven.
The medical evidence discloses that immediately after the accident Sentell was removed to the Schumpert Memorial Hospital in a dazed and shocked condition where he received the attention of Dr. Broox C. Garrett, his physician. The doctor testified his patient complained generally of soreness, more particularly in the neck and chest. There were two small lacerations of the scalp and a severe laceration of the left arm extending to the bone. This wound was about four inches from the proximal of the humerus and appeared to have been made by a blunt instrument. X-rays revealed a fractured 9th rib on the left side without displacement or fragmentation. There was no other evidence of fracture or abnormality. Plaintiff received regular treatments with sedation and heat and an elastic belt was prescribed to be worn around the chest. Sentell remained in the hospital four days. The doctor continued his treatment until November 10 at which time he was of the opinion that plaintiff was able to carry on his normal activities without further disability, although minor pain would endure for several months. He was of the opinion the fractured rib would be completely healed within three to eight weeks. Dr. Garrett saw the patient last in connection with the accident on November 22 at which time he found him without disabilities or residuals other than some discomfort. In light of this evidence we find the award of $3,500 excessive and should be reduced to $1,500 in keeping with the awards made in: Roberts v. The Fidelity & Casualty Co. of New York, La.App., 90 So.2d 527 (2nd Cir. 1956); White v. The Travelers Insurance Co., La.App., 94 So.2d 564 (2nd Cir. 1957); Bloomquist v. Atchley, La.App., 150 So.2d 331 (1st Cir. 1963); Theunissen v. Guidry, La.App., 151 So.2d 499 (3rd Cir. 1962) and Serigny v. Thibodaux, La.App., 199 So.2d 546 (4th Cir. 1967). Counsel for appellee has referred us to: Dufore v. Daugereaux, La.App., 122 So.2d 666 (1st Cir. 1960); Pellegrin v. Canal Insurance Company, La.App., 111 So.2d 568 (1st Cir. 1959); Eubanks v. Wilson, La.App., 162 So.2d 842 (3rd Cir. 1964); LeBlanc v. Southern Farm Bureau Casualty Insurance Company, La.App., 104 So.2d 279 (1st Cir. 1958); and Page v. Northern Insurance Company of New York, La.App., 117 So. 2d 279 (2nd Cir. 1960). Upon examination *786 of these cases we find they are not truly analogous and involve injuries substantially more serious than those sustained by the appellee.
Appellant argues that the trial court erred in allowing plaintiff $200 for loss of income. With respect to the award, the trial judge observed that Sentell’s oil business was operated with one laborer and involved sales of oil products, such as kerosene, diesel fuel, oils and greases to farmers and contractors and that as a result of the accident Sentell was not able to make his calls and sell the products. An accountant testified there was a substantial decrease in gross sales over the five month period following the accident. The testimony of Dr. Garrett, which we accept as correct, found Sentell able to resume his normal activities after November 10, some two weeks after the accident. The evidence reveals that prior to that date, although his movements were somewhat restricted, Sen-tell was able to give substantial attention to his business. During the latter part of November plaintiff suffered from a serious dental condition which required oral surgery. He testified that this condition was to some extent disabling but was in no way connected with the accident of October 27. It is incumbent upon a party claiming a business loss to make proof certain and this has not been accomplished.
In its answer to the appeal appellee complains that the judgment was in error in rejecting the demands against the un-emancipated minor, Mary L. Painter, and requests this court to correct this error by pronouncing judgment against the minor. Appellee did not perfect an appeal from that portion of the judgment. In our opinion the answer to the appeal does not bring the issue before us. Breaux v. Laird, 230 La. 221, 88 So.2d 33, 37 (1956).
In accordance with our findings herein-above set forth, the judgment will be amended by reducing the award in favor of plaintiff and against the defendant-insurer to the principal sum of $2,641.70, with legal interest from date of judicial demand.
As so amended the judgment is affirmed. Plaintiff-appellee is assessed with costs of this appeal.