### MULLER et ux. v. HERRIN MOTOR LINES, Inc., et al.
### No. 17084.

Court of Appeal of Louisiana. Orleans.

Nov. 14, 1938.

Leslie P. Beard, of New Orleans, for appellants.

Frank S. Normann and Harold M. Rouchell, both of New Orleans, for appellees.

McCALEB, Judge.

The plaintiffs, Sidney Muller and his wife, brought this suit against the Herrin Motor Lines, Inc., and its insurance carrier, the Trinity Universal Insurance Company, for the recovery of damages for injuries to their person and property as a result of a collision occurring on March 26, 1937, at the corner of South Carrollton and South Claiborne Avenues in the City of New Orleans between a large truck with trailer attached owned and operated by the first named defendant, and a Ford Coupe automobile driven by Mr. Muller.

They claim that at or about 7:15 a. m. on March 26, 1937, the plaintiff Muller, accompanied by his wife, was driving his Ford Coupe on the lower side roadway of South Carrollton Ave. in the direction of Canal St.; that upon reaching the intersection of South-Claiborne Ave., he brought his car to a complete stop in obedience to a red traffic light situated at that corner; that, at the time he stopped his automobile, he drove it in a position which was abreast with and to the right of a large truck owned by the defendant Herrin Motor Lines which was headed in the same direction as the Muller Car and which had previously stopped at the intersection near the Carrollton Ave. neutral ground in obedience to the same red semaphore signal; that, when the traffic light changed from red to green (as a signal to traffic on South Carrollton Ave. to proceed), he started forward into the intersection and that, just at that time, his car was struck across the left center by the right front portion of the Herrin truck which had been turned to the right by its driver in an endeavor to make a wide right turn into South Claiborne Ave. in the direction of State Street. Plaintiffs further allege that

the collision was caused through the negligence of the driver of the Herrin truck in that he failed to notice the presence of the Muller car proceeding abreast with the truck in the intersection; in that he violated the traffic ordinance of the City of New Orleans in attempting to make a right hand turn into another street without first approaching the intersection in the traffic lane nearest the right hand edge or curb of the roadway and in that he did not have said truck under proper control. They further aver that, as a result of the accident, they suffered personal injuries and that the Muller car was damaged in the sum of $76.60. Muller claims damages in the sum of $1152.60 and his wife seeks recovery of $3,000 for her injuries.

The defendants, while admitting the accident, aver that it did not occur in the manner stated in plaintiff's petition. They avouch that the impact was caused through the carelessness and negligence of the plaintiff Muller in that he attempted to pass the Herrin truck on the wrong side while said truck was attempting to negotiate a right hand turn into South Claiborne Ave. and they further allege, in the alternative, that, should it be found that the driver of the Herrin truck was guilty of negligence in any particular, then plaintiffs were guilty of such contributory negligence as to bar their recovery.

The case was tried on these issues and resulted in a judgment in favor of Muller for the sum of $462.60 and for his wife in the sum of $750. The defendants have appealed from the adverse decision and plaintiffs have answered the appeal praying that the judgment be amended by increasing the awards in their favor.

The scene of the accident is the intersection of South Carrollton and South Claiborne Avenues. South Carrollton Ave. is a broad boulevard separated by a neutral ground. On either side of this neutral ground is a paved vehicular roadway. The upper roadway is used by traffic proceeding towards the Mississippi River whereas the lower roadway is employed by vehicles traveling in the direction of Canal St. This thoroughfare intersects South Claiborne Ave. at right angles which is also a wide boulevard divided by a neutral ground. On each of the corners of the intersection of these two avenues there is an electric semaphore light which controls the movement of traffic on the respective streets.

Plaintiffs' story of the occurrence, as appears by their testimony and that of a disinterested eyewitness named William Guirovich, is as follows:

The Muller car was being driven by Mr. Muller on the lower roadway of South Carrollton Ave. proceeding in the direction of Canal Street. On reaching the intersection of South Claiborne Ave., Muller stopped his vehicle in compliance with a red traffic semaphore light situated at the corner. At the time he arrived at the intersection, the left hand side of the roadway, or that portion nearest the neutral ground, was occupied by the Herrin truck, which was headed in the same direction as he was traveling and which had previously stopped in obedience to the traffic signal. Muller pulled his car to a position abreast with the Herrin truck and to the right thereof and remained stationary until the traffic light changed to green. He thereupon proceeded into the intersection. Simultaneously, the Herrin truck started forward and the driver thereof, without previous warning, swung the front end of the truck towards the right in an endeavor to negotiate a right turn into South Claiborne Ave. with the result that the front portion of the truck collided with the left side of the Muller car.

The defense to the case is based upon the theory that, at the time the Muller car reached the intersection, it did not stop for the traffic light as the same had already turned green; that, at that time, the Herrin truck was proceeding to make a right hand turn into South Claiborne Ave. and that the driver of the Muller car, in attempting to beat the Herrin truck across the intersection and in endeavoring to pass the Herrin truck on the wrong side, collided with the front end of said truck. The evidence adduced by the defendants in support of their contention is found in the testimony of the truck driver Melder and one Bode, a newsboy who was at the scene when the accident occurred.

The district judge, after hearing the witnesses and observing their demeanor on the stand, was of the opinion that the evidence offered by the plaintiffs preponderated. We cannot say that his conclusions with respect to his appreciation of the facts of the case are manifestly erroneous. On the contrary, an analysis of the testimony contained in the record convinces us that the sole cause of the accident was the negligence of the driver of

the Herrin truck in attempting to make a right hand turn into South Claiborne Ave. without taking precautions to discover the presence of traffic proceeding on his right. It is also apparent that the truck was in the wrong traffic lane for the negotiation of a right turn and that its driver failed to obey the mandate of Art. 6, Sec. 3(a) of the Traffic Ordinance of the City of New Orleans, which requires that:

"The operator of a vehicle intending to turn to the right of an intersection or into an alley or driveway shall approach the point of turning in the traffic lane nearest the right hand edge or curb of the roadway * * *"

Counsel for the defendants, evidently realizing that the negligence of the truck driver has been established beyond serious dispute, tells us that recovery should be precluded because the plaintiffs were guilty of contributory negligence because Muller attempted to pass the truck on the right hand side in violation of Art. 5, Sec. 12(a) of the Traffic Ordinance, which states:

"Except as otherwise provided in this paragraph the following rules shall govern the overtaking and passing of vehicles.

"(a) The operator of a vehicle overtaking another vehicle proceeding in the same direction shall signal with his horn and pass to the left of the overtaken vehicle at a safe distance and shall not again drive to the right side of the highway until clear of such overtaken vehicle."

This provision of the ordinance has no application to the facts of the case at bar because Muller did not attempt to pass a vehicle which he had overtaken. The section has reference only to moving vehicles and not to those which have become stationary in obedience to traffic signals.

Again counsel, in a final attempt to persuade us that the plaintiffs are chargeable with fault, argues that they tried to pass the Herrin truck at the intersection in violation of Section 12(e) of Art 5 of the Traffic Ordinance, which declares:

"The operator of a vehicle shall not pass at an intersection any other vehicle traveling in the same direction."

A perusal of the evidence adduced in the case fails to support the contention. On the contrary, the preponderating testimony is to the effect that, when the signal light changed from red to green, the Muller car and the Herrin truck proceeded forward at approximately the same time and there is no evidence to show that Muller was passing the truck at the time it swerved into his car.

Since we are of the opinion that the defendants are liable, we next consider the quantum of damage. Defendants contend that the awards made to Mr. and Mrs. Muller are excessive whereas plaintiffs assert that they are inadequate.

The evidence shows that Mr. Muller suffered a contusion of his back and lacerations of the right shoulder, necessitating a visit to his doctor on at least two occasions. He states that, while his injuries were not so serious as to compel him to be confined to his bed, he could not do any manual labor for a period of approximately two months after the accident although he was able to supervise the work performed by mechanics at the garage he operated during that time. The judge of the lower court awarded him the sum of $310 for his pain and suffering, which we believe to be approximately correct. There is no exact standard by which the value of personal injuries may be gauged and, unless the allowance of the district court is substantially out of line with other awards made in previous adjudications involving similar ailments, we are not disposed to either increase or diminish it.

Mrs. Muller was permitted to recover the sum of $750 for the injuries she received. Her hurts, while similar to those of her husband in that they consisted of contusions and bruises, were more serious due to the fact that she was one month in pregnancy at the time of the accident. She states that, on the same evening of the occurrence, she had a bloody discharge which was followed by another about four days later. She also declares that, during the entire period of her pregnancy, she feared that her child might be deformed at its birth. It is true that the child, when born, was perfectly normal but we readily recognize the fact that the mental anguish Mrs. Muller suffered during the period of her pregnancy was considerably aggravated by the injuries she sustained. After granting due allowance for her apprehension, we feel that the award of the district judge sufficiently conpensates her for the pain and suffering she endured and that it is neither excessive nor inadequate.

The sum of $152.60, permitted to Mr. Muller by the trial court for doctor

and drug bills and repairs to the Ford Coupe, is not seriously disputed and no just reason is shown why it should not be recovered.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.