**GARES et al. v. ABATE.**

**No. 17026.**

Court of Appeal of Louisiana. Orleans.

May 22, 1939.

Rehearing Denied June 12, 1939.

Writ of Certiorari Denied July 14, 1939.

Spearing, McClendon, McCabe & Schmidt, of New Orleans, for appellees.

Maurice B. Gatlin, of New Orleans, for appellant.

McCALEB, Judge.

The plaintiffs, Mr. and Mrs. Victor Blereau, brought this suit against the defendant, Sam Abate, to recover damages from him for the personal injuries they sustained on December 15, 1936, when they were struck and knocked down by his automobile at the corner of Gentilly Avenue and Lapeyrouse Street in the City of New Orleans. They charge that the accident occurred through the fault of the defendant and allege in detail certain acts of specific negligence on his part.

The defendant denies that he struck the plaintiffs and alleges that he is not to blame for the injuries they sustained.

After a trial of the case on its merits, there was judgment in favor of Mr. Blereau and against the defendant for the sum of $250 and also in favor of Mrs. Blereau for the sum of $700. The defendant has appealed.

We find the facts of the case to be as follows:

At about 7:15 p. m. on December 15, 1936, the plaintiffs were on their way to church and were walking over the Gentilly Avenue roadway at its intersection with Lapeyrouse Street in the direction of the Mississippi River. There is an automatic traffic semaphore at the intersection and

the plaintiffs entered the pedestrian lane on a green or favorable signal. They had almost completed the crossing and were just about to step upon the river side curbing when they were struck by the automobile which was being driven by the defendant on Gentilly Avenue. It further appears that the ·defendant, upon reaching the Lapeyrouse Street intersection, attempted to execute a left hand turn into Lapeyrouse Street, at a time when the traffic semaphore was red, in violation of City Ordinance No. 13,702 C.C.S.

■ A mere statement of the case clearly exhibits the defendant's gross negligence. In fact, defendant's counsel, in presenting the matter on appeal, has not attempted to point out any error in the holding of the district judge with respect to his conclusion that the defendant is responsible, and has limited his argument to a discussion of the question of the quantum of damages.

■ The defendant claims ·that the awards in favor of the plaintiffs are grossly excessive. As above stated, the district judge gave Mr. Blereau $250 and Mrs. Blereau $700. After the accident, plaintiffs were taken to the Charity Hospital where first aid treatment was rendered to them. Mr. Blereau's injuries consisted of contusions and brush burns of the left leg and hip. He testified that, while his hurts were not so serious as to compel him to lose any time at his work, they were quite painful; that he was limping for two weeks after the accident; that he had pains in his body and that the cut upon his left leg has left a scar (which was visible at the time the case was tried in May 1938). He further declared that, when he was knocked down, the suit which he was wearing, valued at $27.50, was ruined and that his fountain pen, which cost $3, was broken.

We think that the award of the district judge to Mr. Blereau is in line with the established jurisprudence of this state. Allowances ranging between $250 and $500 for injuries consisting of ordinary contusions and bruises have generally been approved by our appellate courts and we see no reason to reduce the award in this matter. In fact, the total allowance of $250 to Mr. Blereau, which includes the sum of $34.50 (loss of suit, fountain pen and doctor bill) representing actual damage he sustained as a result of the accident, gives him only $215.50 as compensatory damages for his personal injuries. This amount is plainly not excessive.

■ Mrs. Blereau was three months in pregnancy at the time she received her injuries which consisted of contusions and bruises to her body and a laceration of the right parietal bone of her head which was stitched at the Charity Hospital. She declares that she suffered internal pains after the accident; that, on the day following it, she had violent vomiting spells; that, thereafter, she was subject to nervous spells for a period of two weeks and that she was in a state of anxiety until her baby was born as she feared that her injuries might affect the safe delivery of the child. Her statement is corroborated by the evidence of Dr. W. A. Gillaspie who was her attending physician.

The injuries received by Mrs. Blereau bear strong resemblance to those sustained by Mrs. Muller in the case of Muller v. Herrin Motor Lines, La.App., 184 So. 406, 409. There, Mrs. Muller was permitted to recover the sum of $750 for contusions and bruises which we found to be more serious than they would have been under ordinary conditions due to the fact that she was one month in pregnancy at the time of the accident. In approving the award in her favor, we said:

"She states that, on the same evening of the occurrence, she had a. bloody discharge which was followed by another about four days later. She also declares that, .during the entire period of her pregnancy, she feared that her child might be deformed at its birth. It is true that the child, when born, was perfectly normal but we readily recognize the fact that the mental anguish Mrs. Muller suffered during the period of her pregnancy was considerably aggravated by the injuries she sustained. After granting due allowance for her apprehension, we feel. that the award of the district judge sufficiently compensates her for the pain and suffering she endured and that it is neither excessive nor inadequate."

The same observation is applicable to this case. Mrs. Blereau was three months in pregnancy at the time of the accident and she undoubtedly suffered great mental anguish with respect to the welfare of her child from the day of her injury until the day it was born.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.