This is a suit for damages by Paul Cottone, an emancipated minor, wherein he seeks to recover for personal injuries sustained by him as the result of an automobile collision at the intersection of Gravier and Bolivar Streets, in the City of New Orleans, during the afternoon of November 21, 1938.
It is undisputed that, at the time of the accident, plaintiff and several youths were playing marbles on the downtown sidewalk of Gravier Street, near the lake side of Bolivar Street; that an automobile being driven by the minor son of Paul Torres, Sr., one of the defendants, "sideswiped" an automobile being driven by Henry E. Jones, another defendant herein; that the collision caused the Torres car to hurdle the street curbing, cross the sidewalk, and to there strike and injure the plaintiff.
Plaintiff's action is directed against Paul Torres, Sr. and Henry E. Jones, and he has also joined Mrs. Rosemary Bruynincks, wife of Henry E. Jones, as a defendant, basing his action against her on the ground that the automobile driven by her husband at the time of the accident was her separate and paraphernal property and that Jones was her agent or employee, acting within the scope of his agency or employment.
In his petition plaintiff charges Henry E. Jones with negligence in driving at an excessive speed on the left side of the roadway and in turning to the right into a cross street without giving any warning or signal of his intention to do so, thereby driving, without proper observation, directly in the path of the Torres car, which was then attempting to pass on the right.
His claim against Torres, Sr., is predicated upon the alleged negligence of defendant Torres' minor son in attempting to drive his automobile past the Jones car on the right, at an excessive rate of speed and with defective brakes, when Jones was attempting to enter Bolivar Street from Gravier. He also charges young Torres with negligence in failing to stop and thus avoid striking the Jones car, when he saw Jones attempting to turn into Bolivar Street.
Mrs. Jones filed an exception of no right or cause of action, which was overruled. She then answered, admitting the separate ownership of the car driven by her husband, but specially denying that he was her agent or employee, or was acting as such at the time of the accident.
The defense of Jones is that he was free of any negligence as asserted by the plaintiff and that the negligence of the operator of the Torres car (as alleged by plaintiff) was the sole and proximate cause of the accident.
The defense set up by Torres is that his minor son was free from any negligence and that the accident was caused solely by the negligence of Jones, as charged by plaintiff.
The trial court, in well considered written reasons, rendered judgment against the defendant, Paul Torres, Sr., in the sum of $5,000, and rejected plaintiff's demands as against Henry E. Jones and Mrs. Rosemary Bruynincks Jones. Defendant, Torres, Sr., has taken no appeal from this judgment. The matter is now before us on an appeal taken by plaintiff only from that portion of the judgment of the court below dismissing his suit against Henry E. Jones.
It is conceded that no negligence whatsoever is chargeable to plaintiff. On this appeal we are, therefore, concerned only *Page 403 
with the negligence, vel non, on the part of Jones and his consequent liability.
The record discloses that Gravier and Bolivar Streets intersect at right angles and that Gravier is a two-way paved thorough-fare, about thirty-two feet in width at the intersection, Bolivar Street being surfaced with dirt and rock and being about thirty feet wide. At the time of the accident, due to the fact that repairs were being made on Tulane Avenue, there was a barricade or wooden "horse" in Bolivar Street, about twelve to fourteen feet from the downtown side of Gravier, the purpose of which was to prevent vehicular traffic, destined into Tulane Avenue. One end of the barricade was against the river side curbing of Bolivar Street, and motor vehicle operators desirous of driving to their homes on Bolivar Street, located between Gravier Street and Tulane Avenue, could do so by going around the other end of the barricade, the space there afforded being of sufficient width to accommodate the passage of automobiles. To reach his home by automobile it was necessary that Jones use this passageway. The accident happened at about 5 p.m. Jones, returning to his home, was driving his wife's automobile, in company with his brother-in-law, they being then engaged in conveying Jones' grandfather from the Charity Hospital. Torres, with three of his co-workers, was returning home from his employer's establishment. Both cars were traveling on Gravier Street in the direction of the lake, with Jones ahead of Torres as they neared the intersection. It is fairly established that at that time Jones was driving in the left center of Gravier Street and the Torres car was being driven near the right curbing. The Jones car was traveling at a speed of from ten to twelve miles per hour and the Torres car from twenty to twenty-five miles an hour. It is further shown that, on nearing the intersection, the Torres car was being driven from five to eight feet to the rear of the Jones car. On reaching the intersection, Jones reduced the speed of his already slow-moving car to make a right-hand turn and entry into Bolivar Street, made necessary by the narrow passageway between the barricade and lake side curbing. When the driver of the Torres car saw the Jones car turn to the right, and suddenly realized that he could not prevent a collision by coming to a stop, he "cut" further to the right, within the intersection, and attempted to speed by on the right side of the Jones car. As a result, the Torres car ran into the side of the Jones car, which had been then brought to a complete stop, hurdled the downtown lake side curbing of the intersection, struck several of the youths who were then playing marbles on the sidewalk, and dragged plaintiff into the street, finally coming to a stop on the uptown side of Gravier Street.
Conceding, arguendo, that the Jones car was being driven, just prior to reaching the intersection, in the left center of or nearer to the left curbing of Gravier Street, in violation of the traffic ordinance, it is too well settled to require citation that negligence, whether actual, or per se, because of the violation of a safety law, is only actionable when it is a proximate cause of an injury.
It is proven to our satisfaction that there was no actionable negligence on the part of Jones in driving in the left center of Gravier Street. The situation as presented by the partially barricaded Bolivar Street, for all practical purposes, compelled one who desired to enter Bolivar Street through the narrow passageway to travel to the left center of Gravier Street upon nearing the intersection and to then turn to the right. This was the safest and most practicable means afforded to Jones in order to enter Bolivar Street from the direction in which he was proceeding. Certainly there was no negligence on his part in attempting to turn to the right. Not only was his car, at the time of the accident, turned at a 45-degree angle towards the Bolivar Street entrance, but, prior to entering the intersection, Jones signaled by hand, for the benefit of traffic approaching from the rear, of his intention to make a right-hand turn. More particularly, he had brought his car to a snail's pace, a course made necessary in order to drive through the narrow passageway. At that time, in view of the warning signal given by him, clearly indicating his intention to make a right turn, he could not be held to have anticipated that one behind him would attempt to take the illegal course of passing his car on his right side.
Our Supreme Court, in New Orleans Northeastern R.R. Company v. McEwen Murray, 49 La.Ann. 1184, 22 So. 675, 680, 38 L.R.A. 134, quoted with approval from the case of Huber v. LaCrosse City Railway Company, 92 Wis. 636, 66 N.W. 708, 31 L.R.A. 583, 53 Am.St.Rep. 940, decided by the Supreme Court of Wisconsin, affirming what that court had said in Block v. *Page 404 
Milwaukee Street Railway Company, 89 Wis. 371, 61 N.W. 1101, 27 L.R.A. 365, 46 Am.St.Rep. 849, as follows:
"The negligence is not the proximate cause of the accident, unless * * * under all the circumstances, the accident might have been reasonably foreseen by a man of ordinary intelligence and prudence. It is not enough to prove that the accident is the natural consequence of the negligence. It must also have been the probable consequence. * * * A mere failure to ward against a result which could not have been reasonably anticipated is not actionable negligence."
As we have stated, plaintiff charges Jones with negligence in violating the traffic ordinance requiring him to drive near the right curbing of any two-way street within the city. If such an act constituted negligence — and we have concluded it was not — such an act was an independent force, and had no connection with the grossly negligent acts of the driver of the Torres car, without which the accident would not have occurred. Clearly, these gross negligent acts on his part can be tersely stated: Driving at an excessive speed when following a vehicle ahead of him at a distance of five to eight feet; failing to sound his horn to indicate his intention to pass ahead of the vehicle proceeding in the same direction; overtaking and attempting to pass a vehicle ahead of him on the right side; overtaking and passing another vehicle proceeding in the same direction at an intersection, in violation of the traffic ordinance; failing to keep a proper lookout and to have his car under such control as would afford him the means of bringing his car to a stop within such a distance as an emergency might require.
The explanation of the driver of the Torres car of his action in attempting to pass to the right is that he thought that when the Jones car veered to the left, such a maneuver was an indication that its driver intended to turn in that direction and proceed uptown on Bolivar Street.
Even though that were true, which is not the case, it was incumbent upon the driver of the Torres car to reduce his speed and to have his car under such control as to be able to stop in a very short distance in case of an emergency. It was actionable negligence for the driver of the Torres car to pass the Jones car on its right at the intersection, and his negligence was not only a proximate cause, but the proximate and sole cause of the accident.
The best and safest rule which it seems possible to have formulated and one which is applied is that which requires the driver of a car following another to maintain such speed and such a distance from the lead car as to be able to meet the usual and ordinary movements of a car using the highway. Such, in effect, are the provisions of our safety laws.
We might further add that the act of the driver of the Torres car in attempting to pass the Jones car at an intersection was a violation of the traffic ordinance of the City of New Orleans, No. 13,702 C.C.S., Article V, section 12, subsection (a), which reads:
"The operator of a vehicle overtaking another vehicle proceeding in the same direction shall signal with his horn and pass to the left of the overtaken vehicle at a safe distance and shall not again drive to the right side of the highway until clear of such overtaken vehicle."
And subsection (e) of the same section, which reads:
"The operator of a vehicle shall not pass at an intersection any other vehicle traveling in the same direction."
The violation of this safety law, in addition to the other acts of negligence chargeable to the driver of the Torres car, to our minds, was the sole cause of the accident. But for these acts of negligence, undoubtedly the accident would not have occurred.
Manifestly no error appears in the findings of fact reached by the trial judge on the question of negligence as charged against Jones, and the judgment will not be disturbed.
As it is only from the judgment which was rendered against plaintiff dismissing his suit against Jones that plaintiff took an appeal, our decree affirming the judgment will have to be restricted to that extent.
For the reasons stated, it is ordered that the judgment appealed from, insofar as it rejected the plaintiff's demand as affecting the defendant, Henry E. Jones, be and the same is hereby affirmed, at the cost of appellant.
Affirmed. *Page 405