McBRIDE, Judge.
Plaintiff seeks to recover for the damage sustained by his automobile in a collision with a garbage truck on March 1, 1955, about 5 :45 p. m. Three defendants are im-pleaded, namely, the City of New Orleans, its employee, Attaway, and its liability insurer, Columbia Casualty Company, and judgment is prayed against them in solido. Prior to the trial of the case, the plaintiff voluntarily dismissed the City of New Orleans from the suit and the case proceeded against the two other defendants, and plaintiff’s suit was ultimately dismissed. He has appealed.
The petition alleges that Attawa.y, who drove the garbage truck, attempted to make a right turn without giving any warning or signal to plaintiff with the result that plaintiff’s vehicle collided with the truck. The answer denies negligence on the part of Attaway, and, in the alternative, certain specifications of contributory negligence are leveled against plaintiff.
The accident happened at the intersection of the lake side or uptown traffic roadway of Loyola Avenue and Lafayette Street. Just prior to the accident the garbage truck and plaintiff’s automobile, which were traveling in an uptown direction on Loyola Avenue, had come to a stop abreast of each other at the intersection of Poydras Street, plaintiff’s automobile being closest to the right curb. When the semaphore traffic signal showed a green light, both vehicles proceeded to cross Poydras Street and they traveled practically abreast of each other until shortly before reaching the intersection of Lafayette Street, one block away; then it was that the driver of the garbage truck, who said he did not notice plaintiff’s car, proceeded to make a right turn into Lafayette Street and had turned slightly when he heard the screeching of brakes and tires to his right, so he applied the brakes and came to a quick stop. Almost simultaneously plaintiff’s automobile, which was traveling at about 20 miles an hour to the right of the truck and practically alongside it, brushed the right side of the truck and proceeded to a point 3 or 4 feet short of the uptown curbing of Lafayette Street.
The City’s driver states that just before veering to the right, he extended the mechanical arm on the left side of his truck to indicate to motorists to his rear that he intended to make the turn. Of course, plaintiff, who was 'on the right side of the truck, the front of his car being just about opposite the rear end of the cab of the truck, could not see the signal that the truck driver says he gave.
Immediately next to the righthand curbing for a block above Poydras Street there *608 is reserved a space for the parking of automobiles and meters have been installed to designate the parking spaces. The truck driver and his helper testified there was an automobile parked in one of the spaces between Poydras and Lafayette Streets, though they differ whether it was 100 feet or 150 feet away from the latter street. Plaintiff insists there were no parked cars in the block. The fact that plaintiff drove his automobile along the curb and over the spaces which were allotted for the parking of cars leads us to the belief that there were no cars parked just as plaintiff testified. The truck was traveling about 3 feet to the left of the parking places; in other words, it was 9 feet removed from the curb.
The trial judge concluded that there was no negligence on the part of the City employee and that it was the plaintiff who was guilty of negligence in that he sought to pass on the right and placed himself alongside the truck thus concealing himself from the view of the driver and preventing his seeing any warning signal that might be given by the operator of the truck. After studying the record, we find that our esteemed brother below was in error.
Under the circumstances of the case, we cannot say that it was negligence for the plaintiff to have driven his car abreast of the truck or that he was guilty of any fault in driving his automobile alongside the curb through the places reserved for the parking of vehicles which were vacant. Furthermore, we do not gain the impression from any of the testimony that plaintiff attempted to pass the truck at the intersection. He testified otherwise. There is no question that the truck suddenly swerved to its right which forced plaintiff to attempt an emergency stop in which maneuver he was unsuccessful.
It is obvious to us that the accident stemmed from the negligence of the driver of the garbage truck in endeavoring to execute a right turn across the lane of traffic in which plaintiff’s automobile was moving in direct violation of the traffic ordinance of the City of New Orleans. The Ordinance No. 18,202, C.C.S., contains the following provisions under the section entitled “Turning Movements”:
“Sec. 51. Required position and method of turning at intersections.— The driver of a vehicle intending to turn at an intersection shall do as follows :
“(a) Both the approach for a right turn and a right turn shall be made as close as practical to the right-hand curb or edge of the roadway.”
This case bears similarity to Muller v. Herrin Motor Lines, Inc., La.App., 184 So. 406, 408, wherein the facts showed that plaintiff brought his car to a complete stop at an intersection in obedience to a red traffic light situated on the corner; that at the time he stopped he drove his car to a position which was abreast with and to the right of a large truck which was headed in the same direction and which had previously stopped at the intersection in obedience to the same red light signal; that when the traffic light changed to green plaintiff started forward into the intersection and that just at that time his car was struck by the right front portion of the truck which had been turned to the right by its driver in an endeavor to make a wide turn. We held that the driver of the truck was negligent saying:
“ * * * that the sole cause of the accident was the negligence of the driver of the Herrin truck in attempting to make a right hand turn into South Claiborne Ave. without taking precautions to discover the presence of traffic proceeding on his right. It is also apparent that the truck was in the wrong traffic lane for the negotiation of a right turn * * *.”
There is no dispute that by virtue of the collision plaintiff’s car suffered damages to the extent of $252.48.
*609 For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there he judgment in favor of ’plaintiff and against Clarence T. Attaway and the Columbia Casualty Company, in solido, for the full sum of $252.48, with legal interest from judicial demand and costs of both courts.
Reversed.