ELLIS, Judge.
This is a suit involving a claim for property damage and personal injuries resulting from a two car collision which occurred in Ponchatoula, Louisiana on the 14th day of February, 1960. The minutes reflect that the defendants filed an exception of res judicata which was overruled. A trial on the merits resulted in a judgment dismissing plaintiff’s claims in their entirety from which plaintiff has taken a devolutive appeal.
Most of the facts presented are not in dispute. The plaintiff, Anthony Migliore, was driving his 1956 Buick automobile in a southerly direction on Fifth Street in the Town of Ponchatoula toward its intersection with Pine Street. At this point he made a left turn across the width of Pine Street and entered the southernmost lane of that street. Pine Street has four traffic lanes on this block with an additional diagonal parking area in front of the churches and other buildings in the block.
Meanwhile, Mrs. Irelene C. Peltier, one of the defendants, was driving a 1957 Chevrolet automobile in an easterly direction along the left east bound lane of Pine Street a short distance ahead of the Mig-liore vehicle. The car was owned by her husband, Ernest Peltier, and insured by Norfolk and Dedham Mutual Fire Insurance Company. She had driven north from South Fifth Street and turned east on to Pine Street just ahead of the Migliore vehicle. The time was approximately 6 :20 P.M., the weather was clear and dry, and it was dark. Mrs. Peltier signaled with her directional signal that she intended to turn. The main factual dispute in this case is whether she signaled for a left turn or a right turn. Be that as it may, after slowing down she turned to the right across the *402 right east bound lane as she reached the intersection of Pine and Fourth Streets. The plaintiff, whose car had been driven up to a point slightly to the right and to the rear or parallel with the rear of the Peltier vehicle, was forced to veer sharply to the right in an attempt to avoid a collision. However, Mrs. Peltier’s car struck the left rear fender of the Migliore vehicle. The right rear side of the Peltier car was the point of contact.
The damage to plaintiff’s car was $145.95 and his medical expenses were $57.50, neither item being in dispute.
The basis of the exception of res judicata filed by the defendants herein was presumably a suit filed by Mr. Peltier in Hammond City Court, however it has not been filed in evidence in this record. The exception was mentioned in appellee’s brief but was not urged by their counsel either in his brief or in oral argument, therefore it is assumed that this exception has been abandoned on appeal.
The trial court made the following cogent observation regarding the negligence of Mrs. Peltier:
“There is no doubt in the mind of the Court that Mrs. Peltier was negligent in making a right-hand turn from the left lane. The fact of a local custom which she and her husband testified to does not exempt her from the responsibility of making sure that the right-hand lane is clear before attempting to turn across it. Merely glancing in the rear view mirror to ascertain that fact is not sufficient, since every car has a blind spot right at the point where Mr. Migliore’s car was in fact located. The law of this State is clear that right hand turns are to be negotiated from the right hand lane of traffic except in unusual circumstances. The circumstances do not exist in this case.”
The law relied upon and the facts sustain the above conclusion of the District Judge. Cases in which similar negligent acts were noted are Handy v. Columbia Casualty Company et al., La.App., 91 So.2d 606 and Muller v. Herrin Motor Lines, La.App., 184 So. 406. These holdings were not based upon LSA-R.S. 32:235, subd. B[1] which is relied upon by counsel for appellant, but upon a similar ordinance for the city of New Orleans.
The trial court made the following observation- concerning plaintiff’s negligence:
“ * * * Mr. Migliore was at least contributorily negligent in passing on the right side of Mrs. Peltier. Passing on the right is just as hazardous a maneuver as turning to the right from the left hand lane. Plaintiff has not established by preponderance of the evidence that Mrs. Peltier was sig-nalling for a left hand turn and under those circumstances the Court cannot find that he was without fault in this accident.”
However, contributory negligence is an affirmative defense and the defendant must bear the burden of proving it. Cook v. City of Shreveport, La.App., 134 So.2d 582. Under the facts presented, was plaintiff contributorily negligent? We think not.
Both Mr. and Mrs. Migliore stated categorically that Mrs. Peltier’s directional signal was on and was indicating a left *403 turn. Mrs. Migliore said she particularly noted this because she often drove a car and habitually noticed such signals.
Mrs. Peltier stated she had turned on her directional signal, which fact was corroborated by the Migliores, however, she stated that it was indicating a right turn. A guest passenger on the front seat of the Peltier car testified but stated she did not drive and did not notice such signals. Two other occupants of the Peltier vehicle declined to testify for reasons unexplained in the record. Ernest Peltier, who incidentally was not in the car but was the investigating officer, made no observation concerning the turn indicator at the time he arrived on the scene.
Had Mrs. Peltier turned left, plaintiff would have passed her car on the right. This is not found to be an indication of negligence on the part of Mr. Migliore under the circumstances herein presented. The case of Mooney v. American Automobile Insurance Co., La.App., 81 So.2d 625, presents a similar situation. In that case, the court quoted with approval from 60 C.J.S. Motor Vehicles 326d, page 762:
“ ‘Where there are distinct lines of traffic proceeding in the same direction, a regulation requiring vehicles to pass to the left of other vehicles proceeding in the same direction applies only to a vehicle which is passing another in its own lane, and not to a vehicle in one line which is traveling on the right of another line. On wide boulevards or avenues on which it is customary for cars traveling in the same direction to travel abreast it is not incumbent on a driver, who is traveling well to the right of another car and zvho has ample room to pass on the right, to turn out to the left in order to pass it. * * * ’ (Emphasis supplied.)”
This rule distinguishes the general rule forbidding passing on the right on ordinary thoroughfares and holds this rule is inapplicable to four-lane highways, LSA-R.S. 32:233[2]
The fact that Migliore was in the process of passing a car on the right while proceeding in the left east bound lane of a four lane highway and slowing for a turn is no indication of negligence on his part. He had the right to expect Mrs. Peltier to comply with the provisions of R.S. 32:235 (B) and carefully drive into the lane to the extreme right prior to negotiating a right turn at an intersection.
Counsel for defendants relies upon the case of Cottone v. Jones, La.App., 7 So.2d 401 in contending the plaintiff’s actions in passing at an intersection on the right side of a preceding vehicle constituted contributory negligence. In that case there was a barricade on the intersecting street and the only manner in which a vehicle could be driven into the side street was by cutting to the center of the street and turning to the right around the end of the barricade. It is apparent that the Cottone case is distinguishable from the case at bar and it is found to be inapposite.
Therefore, it is found that the defense of contributory negligence was not proven by the defendants.
Mr. Migliore sustained a fracture of the fourth rib-left anterior. It was quite painful but due to the nature of his. work he suffered no direct loss of earnings. The rib healed without incident and he was. free of pain within a two month period. An award of $750.00 is adequate for plaintiff’s pain and suffering and disability. This award is in accordance with the award granted in the recent case of Bloomquist v. Atchley, La.App., 150 So.2d 331.
*404 For the reasons assigned, the judgment of the District Court is reversed and judgment is hereby rendered in favor of the plaintiff-appellant, Anthony Migliore and against the defendant-appellees, Norfolk & Dedham Mutual Fire Insurance Co. and Mrs. Irelene C. Peltier, in the full sum of $953.45 together with all costs.
Reversed.
REID, J., recused.

. “Except as otherwise provided in this Section, the driver of a vehicle intending to turn to the right at an intersection shall approach such intersection in the lane for traffic nearest the right hand side of the rightway, and in turning shall keep as closely as practicable to the right hcmd edge of the highway, and when intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest the center line of the highway and in turning shall pass beyond the center of the intersection passing as closely as practicable to the right thereof before turning to the left.” (Emphasis added) LSA-R.S. 32:235.

. “A. The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle.”