LOTTINGER, Judge.
This is a suit for the recovery of damages to machinery. The record shows that in November of 1964, R. T. Keating, plaintiff, *624 who was at that time in the dozer business, contacted Boyce Machinery Corp., defendant, because he was having trouble with one of his bulldozers. The defendant sent one of its mechanics to the plaintiff’s place of business to investigate the trouble. The difficulty was with a hydraulic pump on one of the bulldozers, (hereafter referred to as hydraulic dozer). In order to make the repair, it was necessary to remove the pump and take it in to the shop. Because of the fact that the hydraulic dozer could not then be operated and this was during the winter months, the mechanic, as part of the operating procedures of the defendant, drained all of the water out of the hydraulic dozer.
The plaintiff testified that while the mechanic was at his place of business and within hearing distance, a neighbor of the plaintiff’s came over to tell him of a contemplated freeze. The plaintiff and the neighbor both testified that the plaintiff made the statement that he would have the mechanic drain the other vehicles. The mechanic denied overhearing this conversation.
There is further testimony, which is not disputed, that as the plaintiff was attempting to drain a lowboy truck, the mechanic offered his aid and completed the draining of this vehicle. The dispute arises as to the request to drain a second bulldozer (hereafter referred to as cable bulldozer). Plaintiff testified that he requested the mechanic to drain the cable bulldozer. Further testimony by plaintiff indicates that the mechanic did drain the cable bulldozer, but only to the extent of draining the radiator and not the engine block. The mechanic informed plaintiff the draining of the radiator alone would be sufficient. The mechanic denied having been requested to drain the cable bulldozer and having drained it.
The plaintiff was charged for the services from the time that the mechanic left the shop until his return. So that, if the customer asked for further aid and assistance while the employee of Boyce was at his place of business, he would be billed for it.
In February of 1965, plaintiff attempted to start the cable bulldozer and discovered a break in the engine block.' There was testimony to the effect that there had been freezes between November, 1964 and February, 1965 of a sufficient low temperature as would cause an engine block to break if not sufficiently protected.
Prior to the discovery of the break, plaintiff had advertised his equipment, of which the cable bulldozer was a part, for sale at the price of $20,000.00. He discovered the break the day before the purchaser appeared at the plaintiff’s place of business to see the equipment. Because of the break in the engine block, and because plaintiff felt that it would take approximately $3,000.00 to replace the engine, he lowered the selling price to $17,000.00, thus claiming damages of $3,000.00. The purchaser of the equipment had the break in the engine block welded, and there was no dispute that the engine was, as of the time of the trial, operating properly. The defendant presented testimony that it could have welded the block for approximately $120.00 plus approximately $90.00 transportation costs.
The Trial Court ruled in favor of plaintiff and awarded him the sum of $2,000.00. From this judgment, defendant has appealed.
The plaintiff answered the appeal asking that the judgment of the Trial Court be increased to $3,000.00. This answer to the appeal was filed on September 20, 1966. The return date as fixed by the Trial Court was May 29, 1966, and the record was lodged in this court on July 8, 1966. The defendant has filed a motion to strike appellee’s answer to appeal for untimeliness based on LSA-C.C.P. art. 2133, which provides as follows, to-wit:
“An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or re *625 versed in part or unless lie demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record, which ever is later. . The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him and of which he complains in his answer.”
Inasmuch as the plaintiff has filed his answer to appeal more than fifteen days “after the return day or the lodging of the record, whichever is later,” defendant’s motion is well taken, and the motion is hereby granted.
We are of the opinion that the record bears out the fact that the plaintiff did request the mechanic, an employee of the defendant, to drain the cable bulldozer, that the mechanic did partially drain the cable bulldozer, and that this was included in the plaintiff’s bill. Therefore, the defendant is liable for any damage which it may have done through any omissions of its employee, and the only question now to be decided is quantum.
As to arriving at a figure as to damage to property, the jurisprudence of this state has set forth three tests, namely: (1) cost of restoration, if the damaged item can be adequately repaired, Hayward v. Carraway, La.App., 180 So.2d 758, Lambert v. American Box Co., 144 La. 604, 81 So. 95, 3 A.L.R. 612; (2) value differential, different in value prior to and subsequent to the damage, Maryland Casualty Co. v. Rittiner, La.App., 133 So.2d 172; (3) cost of replacement, less depreciation, if value before and after damage cannot be reasonably determined or if costs of repair are more than value, Palmetto Moss Factory v. Texas & P. Ry. Co., 145 La. 555, 82 So. 700.
There is no evidence in the record as to the difference in value of the cable bulldozer both prior to and subsequent to the engine break. Neither party put on any expert witnesses as to any change in value. Therefore, in arriving at an adequate measure of damages, we are precluded from using the “value differential” test as above explained.
It is the settled jurisprudence of this state, that the injured party owes a duty to minimize his damages to the best of his ability. Here the injured party, plaintiff, is claiming damages of $3,000.00, or what it would approximately cost to replace the damaged engine with a new one.
Plaintiff argues that he had no other alternative but to reduce the purchase price by the cost of a new engine, inasmuch as the purchaser wanted the equipment immediately. It was not contemplated that the engine could be satisfactorily repaired, and plaintiff did not even mention this to the purchaser of the equipment. Since the purchaser had the engine repaired, rather than replaced, we feel compelled to ask why could not plaintiff have estimated the cost of repairing rather than replacing the engine ?
Since we are precluded from using the “value differential” test, we must use the “cost of restoration” test, and as such, the damages should be limited to the sum of $210.00, which is the amount which the defendant testified it would have cost to repair the engine, plus transportation.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court in the sum of $2,000.00 is amended and the same is reduced to the sum of $210.00. In all other respects, the judgment is affirmed. Defendant is to pay the costs of this appeal.
Judgment amended and affirmed.