205 So.2d 807 (1967)
James C. TAYLOR
v.
ALLSTATE INSURANCE COMPANY et al.
No. 7182.
Court of Appeal of Louisiana, First Circuit.
December 19, 1967.
Rehearing Denied January 29, 1968.
*808 James E. Moore, of Franklin & Keogh, Baton Rouge, for appellants.
John Breaux, of Brown, McKernan, Ingram & Breaux, Baton Rouge, for appellee.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
LOTTINGER, Judge.
This is an action ex delicto arising out of an auto accident. Trial was held, and the jury returned a verdict for the plaintiff, James C. Taylor, and against the defendant, Allstate Insurance Company and its insured, Bernard Zuccaro, in the sum of $7,500.00. From this judgment, defendants appealed.
The record shows that on July 1, 1965, the plaintiff, James C. Taylor, was traveling south on Highland Road to the Airline Highway in East Baton Rouge Parish, at approximately 35-40 miles per hour. As the plaintiff approached the intersection of Highland Road and Highland Park Drive, the defendant, Bernard Zuccaro, commenced a right-hand turn from Highland Park Drive onto Highland Road, and in so doing crossed over into the southbound or plaintiff's lane of traffic. Plaintiff testified that he was approximately 200 feet from the intersection when he first observed the defendant's car coming out into the intersection.
The record further shows that the plaintiff slowed down, sounded his horn, applied his brakes, and finally pulled off the road, ending up in a ditch and striking a chain link fence. Considerable damage was done to plaintiff's car, and the plaintiff suffered a laceration to one hand, and a jolt to his back between the shoulder blades.
The plaintiff is a professional athlete, and at the time of the accident was a member of the Green Bay Packers football team. Plaintiff was on his way to New Orleans, Louisiana, to take an airline flight to Green Bay, Wisconsin. Immediately after the accident, the plaintiff, after a short delay, continued with his trip to New Orleans to catch his flight, and upon arriving in Green *809 Bay, had one of the team doctors suture the laceration in his hand. These sutures were removed a few days later by a Baton Rouge doctor. Plaintiff received physiotherapy treatment from the trainers of the L.S.U. and Green Bay Packers football teams. It was alleged by plaintiff that his performance during the 1965 football year was hampered by the back injury received in this accident.
There is no doubt but that the defendant's vehicle did cross over into the lane of travel of the plaintiff's automobile. Both the plaintiff and defendant testified substantially the same. LSA-R.S. 32:101 (1) provides:
"The driver of the vehicle intending to turn at an intersection shall proceed as follows:
(1) Right turns. Both the approach for a right turn and a right turn shall be made as close as practical to the right hand curve or edge of the roadway."
There is no question that when one executes a right turn, and allows any portion of his vehicle to protrude over into another lane of travel, he is negligent. But the question therefore becomes, whether this negligence is the proximate cause this accident?
The defendant pleads contributory negligence on the part of the plaintiff. The defendant contends that the plaintiff could have stopped in sufficient enough time to avoid the accident. The plaintiff testified that he was approximately two hundred feet from the intersection when he first saw the defendant commencing his turn. Both the plaintiff and defendant testified that the defendant traveled a distance of approximately sixty feet in the plaintiff's lane of travel. The plaintiff testified that he started moving his automobile over to his right side and subsequently off the highway when he was approximately one hundred feet away from the defendant. It was drizzling at this time, and any immediate full pressure of the brakes could have caused the plaintiff to lose complete control of his car.
There is no question but that if the defendant would have been paying complete attention to his driving, he would not have been in plaintiff's lane of travel. We further find that plaintiff acted in a prudent manner in the operation of his auto under the circumstances. The plaintiff had the right to assume that the defendant in negotiating the turn and continuing on his way would operate his automobile in accordance with law. Willis v. Standard Oil of Louisiana, 17 La.App. 217, 135 So. 777 (1st Cir. 1931). There is therefore no question but that the plaintiff was not contributorily negligent, and the negligence of the defendant was the proximate cause of the accident.
In arriving at an award of damages, the jury did not itemize the award, and therefore we do not know what amount was given for property damages as compared to damages for pain, suffering and discomfort. The plaintiff testified that at the time of the accident, he owned a 1965 Bonneville. That because of the accident, it was necessary that this automobile be placed in a repair shop for approximately sixty days. Because the plaintiff needed transportation to Green Bay, Wisconsin, to report for his training period, the plaintiff purchased on July 9, 1965, an automobile costing $3,838.00. He received word in October of 1965 that his car was ready, but because of his inability to leave the training camp for any length of time, he did not pick up his repaired car until January 7, 1966, at which time he paid the repair shop $50.00, his insurer having paid the rest under the collision clause of his policy.
In Keating v. Boyce Machinery Corp., La.App., 196 So.2d 623, 625 (1967), we held as to property damage:
"As to arriving at a figure as to damage to property, the jurisprudence of this state has set forth three tests, namely: (1) cost of restoration, if the damaged item can be adequately repaired, Hayward v. Carraway, La.App., 180 So.2d 758; Lambert v. American Box Co., 144 La. 604, 81 So. 95, 3 A.L.R. 612; (2) value *810 differential, different in value prior to and subsequent to the damage, Maryland Casualty Co. v. Rittiner, La.App., 133 So.2d 172; (3) cost of replacement, less depreciation, if value before and after damage cannot be reasonably determined or if costs of repair are more than value, Palmetto Moss Factory v. Texas & P. Ry. Co., 145 La. 555, 82 So. 700."
Under the "cost of restoration" test, the plaintiff was only required to pay $50.00 to have his car repaired. We further stated in Keating v. Boyce Machinery Corp., supra, at page 625:
"It is the settled jurisprudence of this state, that the injured party owes a duty to minimize his damages to the best of his ability."
Therefore, as to property damage, we are of the opinion that the plaintiff should recover the sum of $50.00.
We find no evidence in the record that the plaintiff had any medical expenses. All of the attention that the plaintiff received was gratis.
The only remaining question is the amount of quantum as to physical pain and suffering and mental anguish. The plaintiff testified that the palm of his right hand required stitches as a result of a laceration received in the accident. There is also testimony that the plaintiff injured his back. There is no question but that the plaintiff did injure his back, which injury caused him a certain amount of pain and discomfort. Mr. Taylor testified that on the trip to Green Bay right after the accident, his wife did most of the driving because of the discomfort. Martin Broussard, the athletic trainer at L.S.U., testified that he treated the plaintiff for pains in his back. The same was testified to by Carl Jorgenson, the trainer of the Green Bay Packers. The plaintiff received treatment from these two gentlemen for some three to four weeks. In our opinion, there is no question that the plaintiff did suffer some pain and discomfort from the injury to his back, and that this pain and discomfort interfered with his proper preparation of his physical condition and fitness as needed for his professional endeavor as a football player.
There is no question that the plaintiff has presented a sufficient case for the recovery of the pain, suffering and discomfort which the plaintiff encountered. In Hubble v. Bourg, 68 So.2d 639 (La.App. 1st Cir., 1953), we held that an award of $1,000.00 was sufficient for a woman who was hospitalized for over two weeks; who was under a doctor's care for over two months; who suffered from surgical shock and fracture of the right ilium; and who suffered severe pain. In the instant case, the plaintiff did not spend any time in the hospital, but rather was even able to travel, and the pain was not so great as to incapacitate him. Considering the fact that the Hubble v. Bourg case was some fourteen years ago, we feel that the plaintiff's claim for pain, suffering and discomfort is worth $1,000.00.
Because of the injury to his back, the plaintiff claims that his performance as a professional football player was curtailed. There is no evidence in the record which indicates that this injury had any such result. In Wright Root Beer Co. of Baton Rouge, Inc. v. Fowler Products Co., Inc., 196 So.2d 615, 618 (La.App. 1st Cir., 1967), we stated:
"The jurisprudence is well settled that one entitled to recovery must make and establish his claim to a legal certainty. It does not suffice for the plaintiff to make out a case that is merely probable; he must establish his claims to a legal certainty by a reasonable preponderance of the evidence."
As to the recovery of damages for any mental anguish, we are presented with a most unique situation in that the plaintiff is a professional athlete, and his physical fitness is highly most important to him.
*811 The plaintiff next claims damages for mental pain and anguish. The claim for mental anguish is completely separate and apart from any claim for pain and suffering. This we held in Trahan v. Perkins, 197 So.2d 96 (La.App. 1st 1967) wherein we stated at page 99:
"It is well established in our jurisprudence that a tort which gives rise to mental anguish or emotional upset or other mental suffering on the part of the injured party creates a claim for damages which is separate and distinct from any claim for physical pain or suffering resulting from physical injury."
The uniqueness of this situation is best illustrated by plaintiff-appellee's brief, from which we quote:
"The crux of this case from a standpoint of the damages awarded to the plaintiff is the ability of this Honorable Court to understand the nature of the plaintiff's injuries with respect to his profession. Although we do not contend for one moment that the plaintiff should be given any special consideration because of his stature, it is felt that because of his highly skilled ability and unusual occupation, some merit should be given to the argument that this plaintiff is in a different position from the `average' person. It is somewhat ironical to think that the plaintiff's injuries to his back could cause him unusual problems, in that he is no doubt used to receiving extensive physical punishment during practice and regular games. However, the very fact that the plaintiff is considered one of the great outstanding football players of all time gives some insight as to the type of person he is. The plaintiff is a man who has for years kept himself in top physical condition during and after the season is over. The testimony of the plaintiff bears out that for months prior to opening of the regular pre-season training, he underwent arduous training. Being only six feet tall and some 215 pounds, which is rather small for a National Football League fullback, it is important that the plaintiff be physically and mentally fit when the season begins. It is not hard to understand that an injury such as the one that the plaintiff received to his back, is of such a nature that it can prevent him from achieving the conditioning he desires. This type of injury and his failure to be in good physical condition no doubt preyed on the plaintiff's mind to a great extent, and caused him great concern over not being prepared at the beginning of the pre-season training."
This we are in complete agreement with. We therefore feel that an award of $1,200.00 would be just compensation for the mental anguish Mr. Taylor was required to endure.
The jury, as above noted awarded the plaintiff the sum of $7,500.00 without itemizing the damages. We are most reluctant to alter the money award of any jury, and we most certainly feel that if at all possible, the money awards as determined in the lower courts should be allowed to stand. But when we are convinced that an award in the trial court is manifestly erroneous, whether the award be determined by judge or jury, we are compelled to alter said award to its proper level. We are therefore of the opinion that the award of $7,500.00 to the plaintiff as damages should be reduced to $2,250.00 and to be itemized as follows: $50.00 for property damages; $1,000.00 for physical pain, suffering and discomfort; and $1,200.00 for mental anguish.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is amended, and as amended, affirmed. Defendant-appellant is to pay all costs.
Judgment amended and affirmed.