HEARD, Judge.
This is an action in tort wherein plaintiff, Mrs. Evelyn C. White, seeks to recover from defendant J. Weingarten, Inc. damages for injuries allegedly sustained by and resulting from the fall of a Coca Cola bottle from a shopping basket in a retail grocery store owned and operated by Wein-garten’s on August 4, 1970. It is alleged that the bottle shattered upon falling out of the basket onto the floor striking plaintiff and causing a laceration on the inner aspect of her right foot above the heel.
Defendant’s liability is predicated upon its knowledge that the bottle was in the cart and would likely and probably cause injuries should it strike the floor and shatter. Defendant is also charged with failing to maintain a safe place for its customers, and failing to maintain and inspect the carts for objects that would cause injury to customers.
Defendant denied the allegations, and in the alternative charged plaintiff with contributory negligence in attempting to remove a shopping cart from a nest of carts when she saw or should have seen that to do so might cause a bottle to fall.
After trial on the merits, judgment was rendered in favor of plaintiff against defendant in the sum of $500 for pain and suffering, and $3 additional for an unpaid medical bill. From this judgment defendant perfected a suspensive appeal. Plaintiff neither appealed nor answered the appeal.
Mrs. Evelyn C. White testified that she shopped at Weingarten’s weekly and had been doing so approximately eight years; that for the convenience of customers defendant furnished four wheel vehicles commonly referred to as “shopping carts”, or shopping baskets. These are located in the front of the store to the left of the manager’s office and on the morning of the accident the carts were stacked or nested in a row of eight or ten carts in several rows. She selected a cart from the second row, pulled it out, stepped back one step and began to turn to the left. When she pulled the cart from the row the bottle rolled out from the cart in front and struck the floor. A piece of glass struck her in the ankle above the heel. She stated that after the accident the manager and a package boy came to her aid. She was carried to Willis-Knighton Hospital where a doctor gave her a tetanus shot and sutured the wound.
Plaintiff was the only witness to the accident and at the time of trial the two employees could not be located. Mr. Calvin Moore, store manager, stated that he was off duty when the accident occurred but was advised of it by one of the employees, Charles McDonald, the following day.
The obligations of a storekeeper towards his customers is set forth in the case of Peters v. Great Atlantic & Pacific Tea Company, La.App., 72 So.2d 562 (2d Cir. 1954) in which we state:
“Plaintiff’s cause of action arises from LSA-C.C. art. 2316, declaring persons are responsible for the damage occasioned by their negligence, imprudence or want of skill. Under this statute a store keeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only keep floors and passage ways in a reasonably safe condition for use in a manner consistent with the purpose of the premises. See: Savoy v. G. F. Poole Mortuary, Inc., La.App.1952, 60 So.2d 108; Boucher v. Paramount-Richards Theatres, Inc., La.App.1947, 30 So.2d 211; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Greeves v. S. H. Kress & Co., La.App.1940, 198 So. 171; Bartell v. Serio, La.App. 1938, 180 So. 460; Bell v. *634 Feibleman & Co., Inc., La.App.1935, 164 So. 273; Grigsby v. Morgan & Lindsey, La.App. 1933, 148 So. 506; Huber v. American Drug Stores, 1932, 19 La.App. 430, 140 So. 120.
“He must exercise the degree of care that would be exercised by an ordinary prudent man under similar circumstances. See; Ellington v. Walgreen Louisiana Co., Inc., La.App.1949, 38 So. 2d 177; Knight v. Travelers Insurance Co., La.App. 1947, 32 So.2d 508.
“His liability arises only when injuries are caused by his negligence; Bishop v. F. W. Woolworth & Co., La.App.1942, 8 So.2d 701, and not as a result of an extraneous object in the store or upon the floor unless the object was dangerous and allowed to remain a source of danger for a longer period of time than that in which it should have been discovered and removed. Joynes v. Valloft & Dreaux, Inc., La.App. 1941, 1 So.2d 108.”
[72 So.2d 562, 564]
The burden of proof rests upon the plaintiff-customer to show that the storekeeper had actual notice of the source of danger or that it had existed for a sufficient length of time to amount to constructive notice. Vogts v. Schwegmann, 56 So. 2d 177 (La.App.Orl.Cir. 1952); Walters v. Sears, Roebuck & Company, La.App., 196 So.2d 563 (4th Cir. 1967), writ refused, 1967.
Applying these principles to the facts of this case, the issues relevant to defendant’s liability are (1) whether a bottle located in a nested shopping cart is a potentially dangerous object giving rise to the storekeeper’s duty to discover and remove it, and if so, then (2) whether Weingarten’s proved that its inspection procedures to discover and remove from the nested shopping carts were adequate, and (3) whether plaintiff has met her burden of proof to show that Weingarten’s had constructive notice of the bottle which injured plaintiff.
Calvin Moore, store manager, testified that soft drink bottles had rolled out of shopping carts in the store four or five times in the past two years. Therefore the proprietors of the store were aware of the potential danger in leaving bottles in the baskets. On cross-examination he testified that Weingarten’s policy regarding checking shopping carts requires each employee who returns a cart to the storage area to remove any foreign objects left in the cart. In addition Mr. Moore testified that the nest of carts in the storage area is checked about every 45 minutes by the manager or assistant manager, but not every cart in the nested row is inspected. He testified that he was not in the store on the day the accident occurred and could not state that the inspection policies had been enforced on that date. The person who was assistant manager at that time could not be located for trial. Moore also testified that customers sometimes returned carts directly to the nesting area instead of leaving them for a store employee to empty, inspect and replace.
From this testimony we find that Wein-garten’s had no definite and regular system of inspection on the day of the accident. The testimony elicited from the store manager on cross-examination showed that individual nested carts were not inspected for foreign objects after being placed in the nesting area, and that the entire area was given a general inspection only every 45 minutes. It has been held when a source of danger has existed for 30 to 45 minutes, a store keeper has constructive notice of its presence, and failure to discover and remove it has been held to be actionable negligence in maintenance of the store. Walters v. Sears, Roebuck & Company, supra; Vogts v. Schwegmann, supra.
In its answer defendant alleged in the alternative that plaintiff was negligent in attempting to remove a shopping cart from a nest of carts when she saw or should have seen that to do so might cause *635 a bottle to fall, and this negligence was a contributing cause of the accident. The burden of proof is on defendant to prove contributory negligence by a preponderance of the evidence. Theunissen v. Guidry, 244 La. 631, 153 So.2d 869; Migliore v. Norfolk and Dedham Mutual Fire Insurance Company, La.App., 152 So.2d 400 (1st Cir. 1963). This it has failed to do.
Appellant does not argue the issue of quantum, and as plaintiff did not appeal nor answer the appeal, quantum is not an issue.
For the foregoing reasons, the judgment of the trial court is affirmed and costs are to be borne by appellant.