SAMUEL, Judge.
Plaintiff instituted this suit for- damages resulting from personal injuries sustained in an automobile accident. Named defendants in the petition were Richard *287 J. Owen, the owner, Joyce Cheramie,[1] the driver, and Fireman’s Fund Insurance Company,[2] the liability insurer, of the defendant automobile. Defendants answered in the form of a general denial and alternatively pleaded contributory negligence. Following trial there was judgment in favor of the defendant owner, dismissing him from the suit, and in favor of plaintiff and against the two remaining defendants in the sum of $4,678.03. The two defendants cast have appealed.
The accident occured at about 9:30 a. m. on Claiborne Avenue near its intersection with Tulane Avenue in the City of New Orleans. Claiborne was a heavily traveled eight-lane thoroughfare divided by a wide neutral ground with four lanes for vehicles traveling in a downtown direction and four lanes for traffic traveling in an uptown direction. It was raining at the time of the accident, the street surface was wet, and because it was a Saturday the extreme right lane (next to the sidewalk) of the four downtown lanes was reserved for parked cars.
Both vehicles were traveling in the same direction, downtown, at a speed of approximately 25 to 30 miles per hour. The plaintiff automobile was in the lane next to that reserved for parked cars, and the defendant vehicle was in the lane next to the neutral ground. It was the defendant driver’s intention to turn right onto Tulane Avenue, a movement which necessitated crossing the two moving lanes of traffic to her right, including the lane in which defendant was driving. The injuries in suit were sustained by the plaintiff when her vehicle struck one of the cars parked in the extreme right lane reserved for that purpose.
At the time of the accident plaintiff was the only person in her automobile. There were four occupants of the defendant car, the driver and three lady passengers. For various reasons, two of those passengers did not appear as witnesses; the only one who did appear was asleep when the incident occurred. The two drivers were the only eye witnesses who testified. Several other witnesses, including the investigating police officer, were called. However, insofar as this appeal is concerned, the only material facts to which they testified were: (1) they could find no evidence of impact between the plaintiff and defendant vehicles despite the fact that plaintiff testified there was a slight impact; and (2) as stated by the police officer, he found approximately 60 feet of skid marks on the wet pavement made by the plaintiff vehicle prior to its collision with the parked automobile.
From the record as thus made up we find the following material facts: The defendant driver was in the process of turning from her extreme left or neutral ground lane to enter Tulane and had crossed, or was about to complete the crossing of, the lane immediately to her right. She had entered, or was just about to enter, the lane in which the plaintiff was traveling. She was not aware of the presence of the plaintiff vehicle until its horn was blown and at that time the two cars were, as the defendant driver expressed it, “side by side”. The defendant driver immediately turned to her left. The plaintiff applied her brakes,[3] swerved to her right, and after skidding the 60 feet crashed into the parked vehicle.
In this court defendants make only one contention, that the trial court erred in making a finding of fact which is based upon conjecture and is not supported by the record. The contention is based solely upon the fact that there was no contact between the two vehicles in suit as testified by the plaintiff.
The contention is without merit. Whether or not there was contact between the *288 two vehicles is immaterial. Even in the absence of contact defendants are liable because the defendant-driver’s turning- maneuver was the proximate cause of the accident. She either intruded into the lane occupied by plaintiff or caused the latter reasonably to believe she was going to do so. Considering the speed of the vehicles and the close proximity of each to the other, the plaintiff was placed in a position where she was required to swerve to her right and apply her brakes, resulting in the skid and ultimate collision.[4]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Joyce Cheramie Terrebonne at the time of trial.

. Fireman’s Insurance Company was substituted as the proper defendant insurer.

. Plaintiff testified she had not applied her brakes. But in view of the presence of skid marks, we are satisfied she did do so.

. Traffic Ordinance of the City of New Orleans, Art. 38-86 (b); LSA-R.S. 32:104; Jennings v. Allstate Insurance Company, La.App., 241 So.2d 778; Taylor v. Allstate Insurance Company, La.App., 205 So.2d 807; Muller v. Herrin Motor Lines, La.App., 184 So. 406.